886 F.2d 330
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leonard A. PELULLO, Defendant-Appellant.
 No. 89-3728.
 United States Court of Appeals, Sixth Circuit.
 Sept. 28, 1989.
 
 Before MERRITT and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The defendant appeals the order denying his motion to stay the arraignment and dismiss the indictment. The government now moves to dismiss on the grounds that the order is not a final, appealable order pursuant to 28 U.S.C. Sec. 1291. The defendant opposes the motion and requests that the motion be referred to the panel assigned to hear the appeal on its merits.
 
 
 2
 The indictment was returned on June 21, 1989. The defendant was charged with conspiracy to defraud the United States and fraud by wire. The defendant subsequently filed an emergency motion to stay the arraignment and dismiss the indictment on grounds of prosecutorial misconduct. The defendant alleges that the prosecutor acted improperly by failing to present exculpatory evidence to the grand jury, by failing to permit the defendant to testify before the grand jury, and by providing almost entirely hearsay evidence to the grand jury. The district court denied the defendant's motion without prejudice; the court stated that it would review the issue of prosecutorial misconduct either at the conclusion of the government's case or at the conclusion of the entire case. The defendant filed a notice of appeal to this Court.
 
 
 3
 The government asserts that such an order is interlocutory and does not fall within the collateral order exception to the finality rule set forth in Coopers & Lybrand v. Livesay, 437 U.S. 475 (1978).
 
 
 4
 The defendant argues that United States v. Mechanik, 475 U.S. 66 (1986) (petit jury's guilty verdict rendered harmless any grand jury error flowing from a Fed.R.Crim.P. 6(d) violation) created an additional exception to the final judgment rules. The defendant argues that under Mechanik, unless he is permitted immediate appeal of the district court's order he will otherwise be precluded from challenging the alleged defects in the grand jury proceedings.
 
 
 5
 The finality rule embodied in 28 U.S.C. Sec. 1291 limits the jurisdiction of appellate courts to appeals from all final decisions of the federal district courts. In criminal cases, the final decision of the district court is the conviction and sentence. Flanagan v. United States, 465 U.S. 259, 263 (1984).
 
 
 6
 In Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949), the Supreme Court created the collateral order doctrine as a narrow exception to the finality rule. To fall within the limited class of final collateral orders, an order must 1) "conclusively determine the disputed question"; 2) "resolve an important issue completely separate from the merits of the action"; and 3) "be effectively unreviewable on appeal from final judgment." Coopers & Lybrand v. Livesay, 437 U.S. at 468.
 
 
 7
 In United States v. Hollywood Motor Car Co., 458 U.S. 263 (1982) (per curiam), the Supreme Court listed three types of criminal interlocutory appeals which the Court had previously decided fell within the collateral order exception of the finality rule: 1) an order denying a motion to reduce bail (Stack v. Boyle, 342 U.S. 1 (1951)); 2) an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds (Abney v. United States, 431 U.S. 651 (1977)); and 3) an order denying a member of Congress immunity conferred by the Speech or Debate Clause of the Constitution (Helstoski v. Meanor, 442 U.S. 500 (1979)). Id. at 266. The Court determined that the order in Hollywood denying the motion to dismiss the indictment based on prosecutorial vindictiveness was not analogous to the above exceptions; it did not pertain to a right which must be upheld prior to trial if it is to be enjoyed at all. Id. at 270. Therefore, the Court concluded that the appeal should not be dismissed. The claim failed the third prong of the collateral order doctrine test since it was not effectively unreviewable on appeal. Id. at 267.
 
 
 8
 The Supreme Court recently held that an order denying a motion to dismiss an indictment for violations of Fed.R.Crim.P. 6(e)(2) was not immediately appealable. Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1497 (1989). The Court determined that Mechanik did not confer jurisdiction on the court of appeals to review the interlocutory order in Midland. Id. at 1498. The alleged violation of Rule 6(e) did not give rise to the right not to stand trial, therefore the order denying the defendant's motion was reviewable following final judgment. Id. at 1499.
 
 
 9
 We conclude that we lack jurisdiction in this appeal. The order appealed by the defendant is interlocutory and may be reviewed by this Court on appeal from the final judgment. The Mechanik decision does not confer jurisdiction upon the Court in this appeal.
 
 
 10
 It is therefore ORDERED that the motion to dismiss is granted.