UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth BUCHANAN, Defendant–
Appellant.

No. 90–5092.

United States Court of Appeals,
Fourth Circuit.

Argued April 12, 1991.

Decided Oct. 7, 1991.

As Amended Oct. 25, 1991.

Thomas M. Regan, Wallace, Ross & Harris, Elkins, W.Va., argued for defendant-appellant.

Thomas Oliver Mucklow, Asst. U.S. Atty., Wheeling, W.Va., argued (William A. Kolibash, U.S. Atty., on brief), for plaintiff-appellee.

Before ERVIN, Chief Judge, and WIDENER, and HAMILTON, Circuit Judges.

## OPINION

WIDENER, Circuit Judge:

Kenneth Buchanan seeks to appeal from an order of the district court denying his motion to dismiss the indictment returned against him. We find that the order appealed from is not an appealable order and accordingly dismiss the defendant's appeal.

On July 21, 1989, a grand jury in the Northern District of West Virginia returned a ten-count superseding indictment alleging that Buchanan had distributed cocaine in violation of 21 U.S.C. § 841(a)(1). An arrest warrant was issued on this indictment. On January 24, 1990, the defendant was detained by the United States Customs Service at Baltimore/Washington International Airport.* He was then taken into custody by the Maryland State Police and a warrant was issued charging Buchanan with being a fugitive from justice. Buchanan apparently remained in state custody until March 21, 1990 and was thereafter transported to the Northern District of West Virginia. His arraignment came on March 27, 1990 and he entered pleas of not guilty to the charges against him.

Four weeks later, Buchanan filed a motion to dismiss the indictment on the basis of an alleged violation of the Speedy Trial Act, 18 U.S.C. § 3161(c). A hearing was held on August 7, 1990 and the district court denied the motion in an order issued the next day. On August 9, 1990, the defendant entered into a plea agreement under which he agreed to plead guilty to one count of the indictment. In this agreement, the defendant reserved the right to appeal "from the judgment entered in this case to review the adverse determination by the Court of the defendant's Motion to Dismiss for alleged violation of Title 18, United States Code, Section 3161(c)(1) [Speedy Trial Act]." Buchanan soon thereafter filed a notice of appeal "from the Order denying Defendant's Motion To Dismiss the indictments."

■■■ 28 U.S.C. § 1291 provides that federal courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts. . . ." In criminal cases, a final judgment is not deemed to have occurred until after conviction and imposition of sentence. See *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989); *United States v. Lanham*, 631 F.2d 356, 357 (4th Cir.1980). While the parties in this case have not raised the issue of jurisdiction, from the record before us it appears that the defendant has been neither convicted nor sentenced. He has merely entered into a plea agreement that, by its own terms, contemplates further action by the district court. We are therefore of opinion that the district court's order denying the defendant's motion to dismiss on the basis of an alleged violation of the Speedy Trial Act is interlocutory and not immediately appealable. See *United States v. Montoya*, 827 F.2d 143, 147 n. 2 (7th Cir.1987) (stating that "courts have unanimously held that there is no right to an interlocutory appeal of a motion to dismiss an indictment under the Speedy Trial Act" and citing decisions from six circuits); *United States v. Hornung*, 785 F.2d 868, 869 & n. 1 (10th Cir.1986) (agreeing with

---

* The detention may appear to have been at Washington National Airport, see A.15, the difference is of no significance.

"the six circuits which have held that denial of a motion to dismiss an indictment for failure to comply with the Speedy Trial Act is not an appealable collateral order ...").

■ The Supreme Court has, to be sure, carved out a narrow exception to the normal application of the final judgment rule for collateral orders that "(1) 'conclusively determine the disputed question,' (2) 'resolve an important issue completely separate from the merits of the action,' and (3) '[are] effectively unreviewable on appeal from a final judgment.'" *Midland Asphalt Corp.*, 489 U.S. at 798–99, 109 S.Ct. at 1497 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). But we are of opinion that the present order will not be "effectively unreviewable" on appeal from a final judgment in this case. At that time, the defendant may raise the alleged violation of his rights under the Speedy Trial Act. See 3A C. Wright, *Federal Practice and Procedure* § 833 (1982). Such a procedure does not infringe upon the defendant's rights under the Act because, as the Court has said in a closely related context, the guarantee of a speedy trial does not embody a right "not to be tried." *United States v. MacDonald*, 435 U.S. 850, 861, 98 S.Ct. 1547, 1553, 56 L.Ed.2d 18 (1978). Rather, "[i]t is the delay and not the trial that is the target of the Act" and proceeding to a final judgment "does not cause or compound the harm at which the statute is aimed." *United States v. Mehrmanesh*, 652 F.2d 766, 769–70 (9th Cir.1980).

Accordingly, the defendant's appeal from the order of the district court is

DISMISSED.