972 F.2d 342
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth BUCHANAN, Defendant-Appellant.
 No. 91-5183.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 26, 1992
Decided: August 19, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Robert R. Merhige, Jr., Senior District Judge. (CR-90-8)
 Thomas M. Regan, Mullens & Regan, Elkins, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Wheeling, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed.
 Before ERVIN, Chief Judge, and WIDENER and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Kenneth Buchanan pled guilty to one count of distributing "crack" cocaine in violation of 21 U.S.C. § 841(a)(1) (1988). In doing so, he reserved his right to appeal the district court's prior denial of his Motion to Dismiss the Indictment based on a claimed violation of the Speedy Trial Act, 18 U.S.C. § 3161(c) (1988). See Fed. R. Crim. P. 11(a)(2). Buchanan appealed prior to imposition of sentence, and this Court dismissed the appeal as interlocutory. United States v. Buchanan, 946 F.2d 325 (4th Cir. 1991). The district court then imposed sentence. This appeal followed, Buchanan arguing that his rights under the Speedy Trial Act were violated.
 
 
 2
 Buchanan complains that his rights under the Act were violated because his detention by state officials in Maryland was for the sole purpose of responding to a federal indictment and warrant. A grand jury in the Northern District of West Virginia returned an indictment against Buchanan, and an arrest warrant was issued. Buchanan was detained by the United States Custom Service at Baltimore/Washington International Airport on January 24, 1990. A Maryland State Police officer took him into custody. A state warrant was issued, charging that Buchanan was a fugitive from justice from the State of West Virginia. After receipt of a second federal detainer, state authorities realized that no separate state charges were pending against Buchanan. He was released from state custody and placed in federal custody on March 21, 1990, and arraigned six days later.
 
 
 3
 The Speedy Trial Act requires that federal defendants be tried within seventy days from the filing date of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). Although Buchanan first appeared before a federal judicial officer on March 27, he argues that his state arrest should have triggered the running of the federal speedy trial period because there were, in fact, no state charges pending against him. A state arrest is not relevant for federal speedy trial purposes. See United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982). Moreover, the state's apparent error in holding Buchanan cannot be assigned to federal officials who acted in good faith by filing a federal detainer promptly after Buchanan's arrest on the state fugitive warrant.
 
 
 4
 Buchanan's arraignment on March 27 commenced the time period for purposes of the Speedy Trial Act. On April 24, Buchanan filed a motion to dismiss his indictment for speedy trial violations. This motion was heard on August 7 and denied on August 8, the date set for trial. Under 18 U.S.C. § 3161(h)(1)(F) (1988), the period from April 24 to August 8 is excluded from the speedy trial count. See Henderson v. United States, 476 U.S. 321 (1986); United States v. Rogers, 921 F.2d 975, 983 (10th Cir.), cert. denied, 59 U.S.L.W. 3246 (U.S. 1990). Because only twenty-eight of the seventy days allowed lapsed between Buchanan's first appearance before a judicial officer and his trial date, his rights under the Speedy Trial Act were not violated.
 
 
 5
 Accordingly, we affirm Buchanan's conviction.
 
 AFFIRMED