**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4025**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FRANK CHATMON,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:10-cr-00477-CMH-7)

Argued: December 9, 2014          Decided: January 16, 2015

Before WILKINSON, SHEDD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Charles Burnham, BURNHAM & GOROKHOV, PLLC, Washington, D.C., for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF**: Eugene V. Gorokhov, Ziran Zhang, BURNHAM & GOROKHOV, PLLC, Washington, D.C., for Appellant. Dana J. Boente, United States Attorney, Lisa L. Owings, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Chatmon claims that the district court clearly erred when it found the government had proved by clear and convincing evidence that there were no less intrusive alternatives to forcible medication to restore Chatmon to competency for trial. We disagree, and hereby affirm the district court's judgment.

## I.

## A.

The procedural history here is lengthy, but it makes sense to begin discussion with the prior appeal and our remand.[1] In 2013, Chatmon appealed a district court order that he be involuntarily medicated to restore his competency for trial. See United States v. Chatmon, 718 F.3d 369 (4th Cir. 2013). Chatmon, who was charged with conspiracy to distribute heroin and cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846, suffers from paranoid schizophrenia. A competency evaluation by psychologists at Federal Medical Center, Butner ("Butner"), found that his mental illness rendered him incompetent to stand trial. The district court ordered hospitalization and treatment to determine whether Chatmon could be restored to competency. The

---

[1] The defendant attempts to raise due process and Speedy Trial claims in this appeal. However, the case law is clear that there is no irreparable injury here because these claims can be reviewed adequately after final judgment. See United States v. MacDonald,435 U.S. 850, 860-61 (1978); United States v. Buchanan, 946 F.2d 325, 327 (4th Cir. 1991).

resulting report found a "'substantial probability that Mr. Chatmon's competency can be restored with a period of treatment with haloperidol decanoate,' a type of antipsychotic medication." Chatmon, 718 F.3d at 372. The government moved to involuntarily medicate Chatmon. The district court, after a hearing, granted that motion, and Chatmon appealed.

On appeal, Chatmon challenged the district court's analysis under the four-part Sell standard for involuntary medication. See United States v. Sell, 539 U.S. 166, 180-81 (2003). The Sell test is designed to ensure that forcible medication orders are properly evaluated and infrequently employed, in recognition of the serious intrusion such orders impose on personal liberty and the risk that the medications pose to a defendant's physical and mental health. See Chatmon, 718 F.3d at 373-74. Sell thus requires (1) that the case involve an "important governmental interest[]" that is not lessened by special circumstances; (2) that there is a substantial likelihood of rendering the defendant competent to stand trial through the treatment, without a substantial likelihood of side effects that would independently defeat competency; (3) that involuntary medication is "necessary to further the government's interests, and less intrusive means [are] unlikely to achieve substantially the same results"; and (4) that the treatment is "medically appropriate and in the patient's best medical interests." United States v.

3

White, 620 F.3d 401, 410 (4th Cir. 2010) (emphasis omitted) (citing Sell, 539 U.S. at 180-81).

Upon examination, we found the district court's application of the first, second, and fourth Sell factors sufficient. However, the third factor of less intrusive means, which the district court addressed only summarily, required additional attention. Specifically, Chatmon had suggested that group therapy or continued residence in an open population might be sufficient to restore his competency for trial. See Chatmon, 718 F.3d at 376. We vacated and remanded so that the district court might "consider and evaluate less restrictive means that Chatmon plausibly suggests for restoring him to competency." Id. at 376-77.

B.

On remand, the district court ordered the defendant to take his medication or be held in civil contempt consistent with this court's suggestion. See id. at 375-76. The penalty for contempt was set at thirty days' imprisonment at Butner, during which time Chatmon was to be offered the medication daily. Agreeing to take the medication during the thirty day period would lift the penalty for contempt. Thus for thirty days, the medication was offered, but the defendant declined it. The district court thus ruled out civil contempt as a viable alternative to forced medication.

4

Having eliminated civil contempt, the district court reviewed additional deposition testimony taken by the government on October 9, 2013, from two doctors on Chatmon's treatment team: Dr. Angela Walden Weaver, a psychologist, and Dr. Robert Lucking, a psychiatrist. These experts had personal interactions with Chatmon during his time at Butner. The doctors acknowledged the improvements in Chatmon's behavior once he was moved to the open population, which permitted him to exercise regularly and even take on a job in the facility's vocational workshop. However, both doctors emphasized that such changes in behavior were not the same as improved competency or mental health. Neither recommended any alterations in Chatmon's diagnosis or treatment plan as a result of his behavioral improvements.

Both experts were likewise insistent that although other treatment options, such as group therapy and exercise, could be beneficial as supplemental treatments to alleviate symptoms, they were not -- by themselves -- effective treatment options for psychosis. To support this conclusion, they pointed out that Chatmon's ability to engage in any of these treatment options varied with his mental and physical health. Chatmon had turned down opportunities to participate in group therapy options, had long refused to sign the waiver that would permit him to exit the Restricted Movement Unit into the open population, and had injured his leg at one point such that he was unable to exercise

5

for a time. The only effective means of restoring competency, the doctors agreed, was medicating Chatmon with haloperidol, a low-dosage long-acting antipsychotic drug. Tellingly, although the defense protested the conclusions in the doctors' testimony, it presented no rebuttal expert of its own.

The district court reviewed this testimony and concluded that the government had presented clear and convincing evidence that no less intrusive means were available to restore Chatmon to competency. It specifically noted that the doctors' testimony, which it found persuasive, had acknowledged Chatmon's behavioral improvements since entering the open population and yet still concluded -- as the December 2011 report had -- that only medication could restore Chatmon to competency. While alternatives such as group therapy and placement in the open prison population might be used to improve Chatmon's behavior, the court accepted the doctors' expert testimony that "behavioral improvements cannot be conflated with improvements in competency." J.A. 467 (district court order). Having found that the government had presented clear and convincing evidence that the suggested treatment alternatives had not yet made Chatmon competent and would not be sufficient to restore him to competency in the future without medication, the court then ordered that Chatmon be forcibly medicated. The defendant appealed.

## II.

We can find no error in the proceeding below. The trial court did not misapprehend the burden of proof, which belonged with the government; or the standard of proof, which is clear and convincing evidence; or the purpose of the hearing, which was to determine whether there was any less intrusive alternative to medication for restoring Chatmon to competency. Moreover, the district court held a hearing, took testimony, and made careful findings. It examined less intrusive means, including placing Chatmon in open confinement. He has been housed in open confinement for over two years thus far, without improving sufficiently to stand trial. Contrary to the defendant's contentions, the district court and expert witnesses did not confuse mental illness and competency. It was clear throughout that the question was competency to stand trial. The defendant did not even attempt to rebut the government's expert testimony, despite being given ample opportunity to do so.

The parties skirmish over how proceedings may unfold from this point forward. But any remaining issues are in the first instance within the province of the trial court. In this case, we find that our mandate was observed and that the district court did not clearly err in finding the government had satisfied the third element of the Sell test.

AFFIRMED

7