## MIDLAND ASPHALT CORP. ET AL. v. UNITED STATES

No. 87–1905.   Argued January 17, 1989—Decided March 28, 1989

SCALIA, J., delivered the opinion for a unanimous Court.

*Richard J. Braun* argued the cause for petitioners.   With him on the brief was *Leslie M. Greenbaum.*

*Lawrence S. Robbins* argued the cause for the United States. With him on the brief were *Solicitor General Fried, Assistant Attorney General Rule, Deputy Solicitor General Bryson, Deputy Assistant Attorney General Starling, John J. Powers III,* and *Laura Heiser.*

JUSTICE SCALIA delivered the opinion of the Court.

Federal Rule of Criminal Procedure 6(e)(2) prohibits public disclosure by Government attorneys of "matters occurring before the grand jury" except in certain specified circumstances. This case presents the question whether a district court order denying a criminal defendant's motion to dismiss an indictment for an alleged violation of Rule 6(e) is immediately appealable.

I

On January 23, 1987, a federal grand jury in the Western District of New York returned an indictment against petitioners Midland Asphalt Corporation, a business engaged in the sale of liquid bituminous material used to resurface roads, and Albert C. Litteer, Midland's president and part owner. The indictment alleged that they had violated § 1 of the Sherman Act, 26 Stat. 209, as amended, 15 U. S. C. § 1, by conspiring with other unindicted persons to allocate contracts and to submit collusive bids to the State of New York and certain counties in western New York. On July 21, 1987, petitioners moved to dismiss the indictment on grounds which included an alleged violation by federal prosecutors of Rule 6(e)(2).

Petitioners' Rule 6(e) allegations arose from the following facts: When the grand jury that ultimately returned the Sherman Act indictment was sitting, Midland and another company under investigation brought suit seeking to have the Government pay for the cost of compliance with grand jury subpoenas. *In re Grand Jury Subpoenas to Midland Asphalt Corp. and Krantz Asphalt Co.,* Civ. No. 85–633E (WDNY, Feb. 12, 1985) *(In re Grand Jury Subpoenas).* In

that action Midland filed a motion asking that the District Court compel the Government to retain its rough and final notes of witness interviews. In response, the Government filed a memorandum in which it agreed to retain rough notes and final reports prepared by prosecutors and other Government personnel during its investigation of the western New York road-paving business. Approximately one year later, the defendants in a separate criminal case, also involving allegations of asphalt contract bid rigging in western New York State, *United States* v. *Allegany Bitumens, Inc.*, Crim. No. 86–59C (WDNY, Apr. 14, 1986), filed a similar motion to require the Government to preserve its interview notes. Again the Government filed a memorandum agreeing to do so, noting that it had already made such a commitment to the District Court, and attaching a copy of its earlier memorandum in the *In re Grand Jury Subpoenas* case.

Petitioners' motion to dismiss the indictment in the present case alleged that the Government's filing, in *Allegany Bitumens*, of its memorandum from the *In re Grand Jury Subpoenas* case, publicly "disclose[d] matters occurring before the grand jury" in violation of Rule 6(e)(2). Specifically, the motion alleged that the memorandum disclosed the nature and focus of the investigation, the name of a grand jury witness, and the fact that the witness was to testify as an individual and not as a document custodian for Midland. Finding that the prosecution had not violated Rule 6(e)(2), the District Court denied petitioners' motion to dismiss the indictment.

On appeal in the Court of Appeals for the Second Circuit, the Government moved to dismiss for lack of jurisdiction, contending that the District Court's order declining to dismiss the indictment was not a "final decision" under 28 U. S. C. § 1291. Petitioners responded that this Court's decision in *United States* v. *Mechanik*, 475 U. S. 66 (1986), in which we held that an alleged violation of Federal Rule of Criminal Procedure 6(d) was rendered harmless beyond a

reasonable doubt by a petit jury's guilty verdict, would make district court orders denying motions to dismiss indictments based on alleged violations of Rule 6(e) "effectively unreviewable on appeal from a final judgment," *Coopers & Lybrand* v. *Livesay*, 437 U. S. 463, 468 (1978), and hence immediately appealable under the collateral order doctrine, see *ibid*. The Court of Appeals rejected petitioners' contention on the ground that Rule 6(d), the subsection at issue in *Mechanik*, exists primarily "to protect the person under investigation from being indicted in the absence of probable cause," 840 F. 2d 1040, 1046 (1988), whereas Rule 6(e) serves the different function of "protect[ing] society's interest in keeping secret the identity of grand jury witnesses and persons under investigation," *ibid*. It concluded that *"Mechanik* [would not] preclud[e] a federal court of appeals from exercising post-trial review of an order denying a motion to dismiss an indictment for violation of Rule 6(e)," *ibid.*, that denials of motions to dismiss indictments for alleged violations of Rule 6(e) are therefore not immediately appealable under the collateral order doctrine, and that the Government's motion to dismiss the appeal in the case before it should be granted.

We granted certiorari to resolve a disagreement among the Courts of Appeals.[1]  487 U. S. 1217 (1988).

---

[1] The Court of Appeals for the Ninth Circuit has read *Mechanik* to forbid postconviction review of alleged violations of Rule 6(e), and accordingly has held that district court orders denying motions to dismiss indictments for violations of the Rule are immediately appealable under the collateral order doctrine. *United States* v. *Benjamin*, 812 F. 2d 548, 553 (1987). The Courts of Appeals for the Third, Tenth, and Eleventh Circuits have read *Mechanik* more narrowly to bar postconviction review only of "technical" violations of Rule 6, not violations calling into question the "fundamental fairness" of the criminal proceedings, and therefore have held that the latter type are not immediately appealable. *United States* v. *Johns*, 858 F. 2d 154, 159–160 (CA3 1988); *United States* v. *Taylor*, 798 F. 2d 1337, 1340 (CA10 1986); *United States* v. *Kramer*, 864 F. 2d 99, 101 (CA11 1988). The First, Seventh, and District of Columbia Circuits have held that claims which may not be reviewed following conviction pursuant to *Mechanik* are insufficiently important to fit within the small class of claims

## II

In the Judiciary Act of 1789, 1 Stat. 73, the First Congress established the principle that only "final judgments and decrees" of the federal district courts may be reviewed on appeal. *Id.*, at 84. The statute has changed little since then: 28 U. S. C. § 1291 today provides that federal courts of appeals "shall have jurisdiction of appeals from all final decisions of the district courts . . . except where a direct review may be had in the Supreme Court." For purposes of this provision, a final judgment is normally deemed not to have occurred "until there has been a decision by the District Court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Van Cauwenberghe* v. *Biard*, 486 U. S. 517, 521 (1988), quoting *Catlin* v. *United States*, 324 U. S. 229, 233 (1945). In criminal cases, this prohibits appellate review until after conviction and imposition of sentence. *Flanagan* v. *United States*, 465 U. S. 259, 263 (1984); *Berman* v. *United States*, 302 U. S. 211, 212 (1937). Since petitioners have not yet even been tried, much less convicted or sentenced, it is plain that the District Court's order denying their motion to dismiss falls within this prohibition.

In *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541 (1949), we carved out a narrow exception to the normal application of the final judgment rule, which has come to be known as the collateral order doctrine. This exception considers as "final judgments," even though they do not "end the litigation on the merits," decisions "which finally determine claims of right separate from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate jurisdiction be deferred until the whole case is adjudi-

---

eligible for interlocutory review. *United States* v. *LaRouche Campaign*, 829 F. 2d 250, 253–254 (CA1 1987); *United States* v. *Daniels*, 848 F. 2d 758, 760 (CA7 1988); *United States* v. *Poindexter*, 273 U. S. App. D. C. 240, 245–246, 859 F. 2d 216, 221–222 (1988).

cated." *Id.*, at 546. To fall within the limited class of final collateral orders, an order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand* v. *Livesay, supra,* at 468.

We have interpreted the collateral order exception "with the utmost strictness" in criminal cases. *Flanagan, supra,* at 265. Although we have had numerous opportunities in the 40 years since *Cohen* to consider the appealability of prejudgment orders in criminal cases, we have found denials of only three types of motions to be immediately appealable: motions to reduce bail, *Stack* v. *Boyle,* 342 U. S. 1 (1951), motions to dismiss on double jeopardy grounds, *Abney* v. *United States,* 431 U. S. 651 (1977), and motions to dismiss under the Speech or Debate Clause, *Helstoski* v. *Meanor,* 442 U. S. 500 (1979). These decisions, along with the far more numerous ones in which we have refused to permit interlocutory appeals, manifest the general rule that the third prong of the *Coopers & Lybrand* test is satisfied only where the order at issue involves "an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." *United States* v. *MacDonald,* 435 U. S. 850, 860 (1978).

We have little difficulty concluding that an order denying a motion to dismiss an indictment for an alleged violation of Rule 6(e) does not satisfy our "stringent conditions for qualification as an immediately appealable collateral order." *Flanagan, supra,* at 270. Whether a violation of Rule 6(e) will be reviewable on appeal following conviction, as the Court of Appeals below held, 840 F. 2d, at 1046, or will be rendered harmless as a matter of law by the conviction, as the Ninth Circuit has decided, *United States* v. *Benjamin,* 812 F. 2d 548, 553 (1987), a district court order declining to dismiss an indictment for an alleged violation of the Rule fails one or the other of the final two requirements set out in

*Coopers & Lybrand.* If *Mechanik* is not extended beyond violations of Rule 6(d), and if Rule 6(e) violations can accordingly provide the basis for reversal of a conviction on appeal, it is obvious that they are not "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand,* 437 U. S., at 468. If, on the other hand, *Mechanik* is applied to bar postconviction review of alleged violations of Rule 6(e), it will be because the purpose of that Rule is the same as the purpose of Rule 6(d), namely, to "protec[t] against the danger that a defendant will be required to defend against a charge for which there is no probable cause to believe him guilty," *Mechanik,* 475 U. S., at 70, which danger has demonstrably been avoided whenever there is a guilty verdict at trial. If this latter analysis is correct, however, orders denying motions to dismiss for Rule 6(e) violations cannot be said to "resolve an important issue completely separate from the merits of the action," *Coopers & Lybrand, supra,* at 468, but rather involve "considerations enmeshed in the merits of the dispute," *Van Cauwenberghe, supra,* at 528, and would "affect . . . *or be affected by*" the decision on the merits of the case, *DiBella* v. *United States,* 369 U. S. 121, 126 (1962) (emphasis added). Thus, whatever view one takes of the scope of *Mechanik* (an issue we need not resolve here), the present order is not immediately appealable.

Petitioners attempt to avoid this reasoning by suggesting that orders of this sort, even if theoretically reviewable after conviction, are "effectively unreviewable," *Coopers & Lybrand, supra,* at 468, once trial has been held, because they pertain to a right "the . . . practical value of which [is] destroyed if it [is] not vindicated before trial," *MacDonald, supra,* at 860—namely, the right not merely not to be convicted, but *not to be tried at all* "on an indictment returned by a grand jury whose decision to indict was substantially influenced by the government's violation of 6(e)." Brief for Petitioner 24. We do not agree. It is true that deprivation of the right not to be tried satisfies the *Coopers & Lybrand*

requirement of being "effectively unreviewable on appeal from a final judgment." See *Abney* v. *United States, supra; Helstoski* v. *Meanor, supra.* One must be careful, however, not to play word games with the concept of a "right not to be tried." In one sense, any legal rule can be said to give rise to a "right not to be tried" if failure to observe it requires the trial court to dismiss the indictment or terminate the trial. But that is assuredly not the sense relevant for purposes of the exception to the final judgment rule.

> "Certainly, the fact that this Court has held dismissal of the indictment to be the proper remedy when the Sixth Amendment right to a speedy trial has been violated . . . does not mean that a defendant enjoys a 'right not to be tried' which must be safeguarded by interlocutory appellate review. Dismissal of the indictment is the proper sanction when a defendant has been granted immunity from prosecution, when his indictment is defective, or, usually, when the only evidence against him was seized in violation of the Fourth Amendment. Obviously, however, this has not led the Court to conclude that such defendants can pursue interlocutory appeals." *MacDonald, supra,* at 860, n. 7.

There is a "crucial distinction between a right not to be tried and a right whose remedy requires the dismissal of charges." *United States* v. *Hollywood Motor Car Co.,* 458 U. S. 263, 269 (1982). A right not to be tried in the sense relevant to the *Cohen* exception rests upon an explicit statutory or constitutional guarantee that trial will not occur—as in the Double Jeopardy Clause ("nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb"), see *Abney* v. *United States, supra,* or the Speech or Debate Clause ("[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place"), see *Helstoski* v. *Meanor, supra.* Neither Rule 6(e) nor the Constitution affords such a guarantee in the event of a violation of grand jury secrecy.

The text of Rule 6(e) contains no hint that a governmental violation of its prescriptions gives rise to a right not to stand trial. To be sure, we held last Term in *Bank of Nova Scotia* v. *United States*, 487 U. S. 250, 263 (1988), that a district court has authority in certain circumstances to dismiss an indictment for violations of Rule 6(e). But as just noted, that has nothing to do with a "right not to be tried" in the sense relevant here.

As for the Grand Jury Clause of the Fifth Amendment, that reads in relevant part as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." That does indeed confer a right not to be tried (in the pertinent sense) when there is no grand jury indictment. Undoubtedly the common-law protections traditionally associated with the grand jury attach to the grand jury required by this provision—including the requisite secrecy of grand jury proceedings. But that is far from saying that every violation of those protections, like the lack of a grand jury indictment itself, gives rise to a right not to be tried. We have held that even the grand jury's violation of the defendant's right against self-incrimination does not trigger the Grand Jury Clause's "right not to be tried." *Lawn* v. *United States*, 355 U. S. 339, 349 (1958). Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried. An isolated breach of the traditional secrecy requirements does not do so.

\*    \*    \*

For these reasons, the Court of Appeals was correct to grant the Government's motion to dismiss the appeal, and its judgment is

*Affirmed.*