876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Patrick LESSARD, Defendant-Appellant.
 No. 89-5246.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1989.
 
 Before KENNEDY, NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 
 ORDER
 
 1
 The United States moves to dismiss this appeal as being taken from a nonfinal district court order. The appellant has responded in opposition to the motion and addresses the jurisdictional issue in his brief.
 
 
 2
 Defendant is among many named as members of the Hell's Angels in a multi-district indictment. The charges therin include the substantive charges of possession and transfer of certain explosives to an undercover government agent, and various conspiracy charges concommitant thereto. Specifically, defendant was charged in Case No. CR-87-859 in an indictment returned in the Northern District of California and charged with the substantive explosives offense(s). Defendant was also indicted in the Western District of Kentucky in Case No. CR-87-00154L(J) and charged with conspiring to commit the substantive charges.
 
 
 3
 On May 23, 1988, during the trial, the district court for the Northern District of California held a hearing which resulted in the California court granting defendant's motion for a mistrial on the basis that the court improvidently denied defendant's motion to transfer the proceedings against defendant to the Western District of Kentucky.
 
 
 4
 The action progressed in the district court for the Western District of Kentucky. On June 21, 1988, the district court for the Western District of Kentucky consolidated the California charges with those filed in Kentucky. On February 2, 1989, the government moved to dismiss the conspiracy charges against defendant in Kentucky and to retransfer the proceedings on the substantive charges to California. The district court granted the motion to retransfer the same day, and after unsuccessfully moving to reconsider, defendant appealed.
 
 
 5
 In Midland Asphalt Corp. v. United States, 109 S.Ct. 1494 (1989) the Supreme Court reiterated the longstanding rule that in criminal cases, appellate review is prohibited until after conviction and imposition of sentence. 109 S.Ct. at 1497. The Court further discoursed on the "collateral order" exception of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949) and Coopers v. Lybrand v. Livesay, 437 U.S. 463 (1978) and reaffirmed that, in criminal cases, the denials of only 3 types of motions are to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech and Debate clause. To be a "final collateral order," and order must (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) "be effectively unreviewable on appeal from a final judgment." 437 U.S. at 468.
 
 
 6
 In the present action, the order conclusively determines the "disputed" question (venue), and resolves an important issue (venue), completely separate from the merits of the action. However, the third prong of the Coopers v. Lybrand is satisfied only where the order at issue involves an "asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial." United States v. MacDonald, 435 U.S. 850, 860 (1978). In an earlier motion filed in this cause, defendant Lessard, on the basis of "forum non convenience," moved to transfer the proceedings in Kentucky to the District Court for the Northern District of California on asserted grounds that "transactions acts he is accused of doing all occured [sic] in said district" and "all witnesses for the Defendant reside in said district." Defendant herein has preserved the record for possible future appellate argument that venue was improper: the order at issue is reviewable by direct appeal if defendant is convicted.
 
 
 7
 Accordingly, the motion to dismiss is GRANTED.