885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James O. BAKKER, Defendant-Appellant.
 No. 89-5665.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 7, 1989.
Decided Sept. 8, 1989.
 
 Harold J. Bender, Bender & Matus, James F. Wyatt, III, George T. Davis, for appellant.
 Thomas J. Ashcraft, United States Attorney, Jerry W. Miller, Assistant United States Attorney, for appellee.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 James O. Bakker, who is on trial in the United States District Court for the Western District of North Carolina on an indictment charging mail fraud, appeals an order of the district court denying his motion to dismiss the indictment. Bakker has moved for expedited consideration of this appeal and for a stay of the proceedings in the district court pending appeal. The government has responded, asserting that the appeal is premature. We grant the motion for expedition, deny the motion for a stay, and dismiss the appeal as premature.
 
 
 2
 In support of his motion to dismiss the indictment, Bakker filed affidavits of one of his attorneys and a paralegal employed by the attorney. The affidavits recount that Jessica Hahn stated in a radio broadcast that she "was approached in the rest room by members of the grand jury and was asked questions about the case as well as asked for her autograph."
 
 
 3
 Title 28 U.S.C. Sec. 1291 (1982) provides that federal courts of appeal shall have "jurisdiction of appeals from all final decisions of the district courts." A final decision is one that ends the litigation on the merits and leaves nothing to be done except execution of the judgment. Obviously, an order denying a motion to dismiss an indictment is not a final order within the meaning of Sec. 1291, unless it falls within the narrow exception known as the collateral order doctrine.
 
 
 4
 In Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1498 (1989), the Court pointed out that it has interpreted the collateral order exception strictly in criminal cases. The Court explained that it had "found denials of only three types of motions to be immediately appealable: motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause." 109 S.Ct. at 1498 (citations omitted). The Court pointed out that the rationale for allowing immediate appeal of orders denying pleas based on the Double Jeopardy Clause and the Speech or Debate Clause arises out of the constitutional protection these clauses afford the right "not to be tried" as distinguished from other provisions that protect the right "not to be convicted." See 109 S.Ct. at 1498-99.
 
 
 5
 The Court observed that not every violation of the protection afforded an accused by rules governing the grand jury gives rise to the right not to be tried. "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried. An isolated breach of the traditional secrecy requirements does not do so." 109 U.S. at 1499-50.
 
 
 6
 Tested by these precepts, the denial of the motion to dismiss, about which Bakker complains, does not fall within the collateral order doctrine, and appellate jurisdiction is lacking.
 
 
 7
 Since the interview given by Jessica Hahn was publicly broadcast, there is no cause for sealing this opinion or the papers submitted by the parties.
 
 
 8
 The motion for a stay is denied, and the appeal is dismissed.
 
 
 9
 We deny the government's request for sanctions.
 
 
 10
 The clerk is directed to issue the mandate forthwith.