UNITED STATES of America, Plaintiff–Appellee,

v.

Daniel SYMMS, Symms Fruit Ranch, Inc., and Sunny Slope Fruit Co., Inc., Defendants–Appellants.

Daniel SYMMS, Symms Fruit Ranch, Inc., and Sunny Slope Fruit Co., Inc., Petitioners,

v.

UNITED STATES DISTRICT COURT FOR the DISTRICT OF IDAHO, Respondent,

and

United States of America, Real Party in Interest.

Nos. 91–30365, 91–70617.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 1992.

Decided March 31, 1992.

---

Robert J. Koontz, Evans, Keane, Koontz, Boyd, Simko & Ripley, Mark H. Manweiler, Manweiler, Bevis & Cameron, Boise, Idaho, for defendant-appellant-petitioner Daniel Symms.

Paul L. Westberg, Westberg, McCabe & Collins, Boise, Idaho, for defendants-appellants-petitioners Symms Fruit Ranch, Inc. and Sunny Slope Fruit Co., Inc.

John E. Lamp, Sp. Atty. to the Atty. Gen., Spokane, Wash., and Donald M. Reno, Jr., I.N.S., Washington D.C., for plaintiff-appellee-respondent U.S.

Victor Stone, U.S. Dept. of Justice, Washington, D.C. for plaintiff-appellee and real party in interest U.S.

Before: HUG, NOONAN and THOMPSON, Circuit Judges.

NOONAN, Circuit Judge.

Daniel Symms, Symms Fruit Ranch, Inc., and Sunny Slope Fruit Co., Inc. (collectively, "Symms") bring an interlocutory appeal in this criminal case, accompanied by a petition for mandamus in the event that the appeal fails. The appeal is from an order of the district court denying Symms' motion to dismiss on the ground that the grand jury that indicted Symms was conducted by government lawyers who were improperly appointed. We dismiss the appeal for want of jurisdiction and deny the petition for mandamus.

## FACTS

In May, 1988, Immigration and Naturalization Service agents received information about a possible Special Agricultural Workers Act fraud committed by the defendants. On October 3, 1988 the United States Attorney for the District of Idaho recused himself and his staff from the INS investigation.

On May 22 of the following year, John E. Lamp, then United States Attorney for the Eastern District of Washington, requested that the Attorney General appoint him and three assistants under 28 U.S.C. § 515 to handle the investigation and prosecution. In a letter dated May 29, 1990, Lamp was appointed under 28 U.S.C. § 515(a). In a letter dated June 1, 1990, the three assistants were appointed pursuant to 28 U.S.C. § 543. In a subsequent letter backdated to June 1, 1990, but actually written one or two weeks later, the same three assistants were appointed under the same statute with minor changes in the letter's language. On July 20, Donald Reno, one of the assistants, signed an oath of office as "assistant to the Special Attorney to the United States Attorney General—John E. Lamp." On August 21, 1990, Lamp signed his oath of office. Both oaths were delivered to the Department of Justice regional office in Spokane, Washington. On June 29, 1991, Lamp and Reno delivered their oaths of office to the Department of Justice.

Meanwhile, after hearing evidence presented by Lamp and Reno, the grand

jury had indicted Symms. The indictment was signed by Reno and was unsealed May 28, 1991. Symms moved to dismiss the indictment. The motion was denied by the district court.

Symms appeals and, in the alternative, petitions for mandamus.

## ANALYSIS

 It is common ground for the parties that interlocutory appeal of the decision of a district court that does not end the case is permissible only if the decision conclusively determines the disputed question; resolves an important issue completely separate from the merits of the action; and is effectively unreviewable on appeal from a final judgment. *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 799, 109 S.Ct. 1494, 1497, 103 L.Ed.2d 879 (1989). It is also common ground that the district court here conclusively determined a disputed question and did resolve an issue completely separate from the merits of the criminal prosecution. What is contested is whether the ruling would be reviewable on appeal from a judgment of conviction in the criminal case. A recent decision of this court provides the answer. A challenge to the authority of the attorney who obtained the indictment is reviewable in an appeal from the judgment of conviction. *United States v. Davis,* 932 F.2d 752, 763 (9th Cir.1991). Consequently, Symms fails to meet the third test and we have no jurisdiction of his appeal.

For the same reason, we deny the petition for mandamus. Any prejudice to Symms may be corrected on appeal. Mandamus is not appropriate.

APPEAL DISMISSED FOR WANT OF JURISDICTION; PETITION FOR MANDAMUS DENIED.