989 F.2d 501
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Allen WAKEFIELD, Defendant-Appellant.
 No. 92-1987.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before BOGGS and BATCHELDER, Circuit Judges, and MANOS, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1990, Richard Allen Wakefield was convicted after a jury trial of four counts related to the possession and distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced Wakefield to a term of life imprisonment and a panel of this court affirmed his conviction and sentence in all respects. United States v. Wakefield, No. 90-2292 (6th Cir. Aug. 27, 1991). Wakefield subsequently filed a motion for a new trial under Fed.R.Crim.P. 33 on the basis of newly discovered evidence. The district court denied the motion after the government's response and this appeal followed. The parties have briefed the issues; Wakefield is proceeding without benefit of counsel.
 
 
 4
 A district court's decision to deny a motion for new trial will not be reversed absent a clear abuse of discretion. United States v. Seago, 930 F.2d 482, 488 (6th Cir.1991). An abuse of discretion exists when a reviewing court is firmly convinced that the district court committed a clear error of judgment. In re Bendectin Litigation, 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989). Upon consideration, we conclude that the district court did not abuse its discretion in denying the motion for new trial.
 
 
 5
 Wakefield's first contention deals with the circumstances of a warrantless curbside garbage search. Wakefield claims he recently discovered that the police officers who initially searched his garbage after he had put it on the curb for pick-up were without authority to do so. He bases this on the language of a Farmington Hills, Michigan, ordinance. The panel reviewing Wakefield's direct appeal wrote, however, that had this same claim been properly before them they "would find that defendant's argument fails because Section 14-2(b) of the Farmington Hills Code [the section raised in the Rule 33 motion] ... specifically exempts city employees such as Farmington Hills police officers from the ordinance's prohibitions." The claim is now before us and we agree with the earlier panel's assessment of it.
 
 
 6
 Wakefield's second claim is that there were improprieties in the testimony adduced before the grand jury. He specifically states that agents perjured themselves when they testified concerning the arrest status of Wakefield's co-conspirator. A post-verdict claim of prosecutorial interference with the grand jury's probable cause determination is rendered harmless by the subsequent guilty verdict of the petit jury, United States v. Mechanik, 475 U.S. 66, 70 (1986), unless the defect is "so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment." Midland Asphalt Corp. v. United States, 489 U.S. 794, 802 (1989). Wakefield's claims, even if true, would not establish a "fundamental defect" profound enough to overcome the Mechanik presumption. This claim lacks merit.
 
 
 7
 Finally, Wakefield asserts that the trial judge violated Fed.R.Crim.P. 43(a) by improperly communicating with the jury out of Wakefield's presence, that is, by denying their request to have a portion of testimonial transcript read back to them. Even if a Rule 43(a) violation can be said to be "newly discovered evidence," it will not entitle a defendant to a new trial absent a showing that the communication caused the defendant a "reasonable possibility of prejudice." United States v. Giacalone, 588 F.2d 1158, 1165 (6th Cir.1978), cert. denied, 441 U.S. 944 (1979). Wakefield makes no showing of any kind that he was prejudiced by the court's informing the jury that transcripts were not available.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John M. Manos, Senior U.S. District Judge, for the Northern District of Ohio, sitting by designation