101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Richard T. STROTHER, Defendant-Appellant.
 No. 95-1569.
 United States Court of Appeals, Second Circuit.
 March 25, 1996.
 
 Mark G. Califano, Assistant United States Attorney for the District of Connecticut, New Haven, CT, for Appellee
 Barry A. Bohrer, Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York, NY, for Appellant
 D.Conn.
 AFFIRMED IN PART, DISMISSED IN PART.
 Before MINER, WALKER, and LEVAL, Circuit Judges.
 
 
 1
 Defendant-appellant Richard T. Strother appeals from an order entered in the United States District Court for the District of Connecticut (Covello, J.) denying Strother's motion to dismiss his indictment for insufficient evidence and defective grand jury proceedings. The indictment charged him with bank fraud in violation of 18 U.S.C. § 1344.
 
 
 2
 In May of 1989, A.T. Brod, a brokerage house, at the direction and on behalf of Strother, purchased 1000 bonds issued by Western Savings and Loan Association for $82,500. Strother agreed to pay A.T. Brod for the bonds no later than May 26, 1989. However, Strother did not make payment by that date. On June 5, 1989, Strother wrote a check made payable to Wall Street Clearing Co., a clearing house for A.T. Brod, in the amount of $82,500. The check was signed by Strother and was drawn on the account of "Strother Film Partner I" at Connecticut Bank & Trust ("CBT").
 
 
 3
 On Friday, June 9th, Strother called Christine Wollschleager, an interim manager at the Old Saybrook branch of CBT. Wollschleager testified at trial that Strother informed her that he had written a check in the amount of $82,500 against his CBT account and that he was wiring funds to cover the check. Wollschleager also testified that Strother asked her to honor the Strother Film Partner I check.
 
 
 4
 On June 12th, the Strother Film Partner I check was presented to CBT for payment. Because the account lacked sufficient funds to cover the check, it appeared on CBT's overdraft list prepared on the morning of June 13th. The overdraft list also indicated that $82,500 in unavailable funds had been deposited in the Strother Film Partner I account. Although Wollschleager knew that the Strother Film Partner I account contained insufficient funds, she authorized payment of the check. Wollschleager testified that she did so because Strother had informed her that he would provide the funds. Wollschleager also testified that she realized that Strother had not wired the funds, but she was not concerned because she believed that Strother had deposited the $82,500.
 
 
 5
 Several days later, CBT presented the $82,500 check that had been deposited in the Strother Film Partner I account to Citibank, the bank which held the Strother account upon which the check had been drawn. Citibank refused to honor the check due to insufficient funds in Strother's Citibank account. Apparently, at around the same time, Strother also had written a check for $82,500 on his account at European American Bank ("EAB") for deposit in his Citibank account. When Citibank presented this check for payment, EAB refused to honor it because of insufficient funds in the EAB account. Therefore, the only bank that made payment on Strother's check was CBT.
 
 
 6
 When CBT was unable to obtain funds to cover its $82,500 payment, two bank memoranda describing the incident were generated. The first, dated June 22, 1989, was written by Wollschleager and recounted the Strother telephone call of June 9th. This memo did not mention that Strother had asked Wollschleager to honor the Strother Film Partner I check. The second memo, dated August 29, 1989, also described the incident, and, like the first memo, did not expressly note that Strother had requested payment of the Strother Film Partner I check.
 
 
 7
 On April 21, 1993, a federal grand jury returned a one-count indictment against Strother. The indictment charged that Strother had violated 18 U.S.C. § 1344 (the "bank fraud statute") by knowingly executing a scheme to obtain money from CBT by means of false and fraudulent pretenses, representations, and promises, knowing at the time that such representations and promises were false.
 
 
 8
 At trial, the defense called no witnesses. Its theory was that, during the June 9th telephone conversation, Strother never requested that Wollschleager pay the check before funds were made available. Strother, therefore, contended that he lacked an intent to knowingly convey a false representation to CBT. The jury convicted Strother on the one count of bank fraud. On September 7, 1994, Strother appealed his conviction, contending that: (1) Wollschleager's memos were improperly excluded from evidence; (2) the district court's jury instructions were erroneous; and (3) the evidence at trial was legally insufficient to prove that Strother's representation to the bank was either false or material. We reversed on the basis that the bank memos were wrongly excluded from evidence, and we remanded for a new trial. United States v. Strother, 49 F.3d 869 (2d Cir.1995). We did not address Strother's sufficiency of evidence claim.
 
 
 9
 On June 30, 1995, Strother moved to dismiss the indictment, contending that: (1) the evidence presented at his trial was legally insufficient to support his conviction; and (2) the indictment was procured as a result of a defective grand jury presentation. The district court denied Strother's motion without explanation. On October 4, 1995, Strother filed this interlocutory appeal.
 
 
 10
 Strother contends that his conviction for obtaining bank funds by false or fraudulent pretenses, in violation of the bank fraud statute, was not based on legally sufficient evidence. Because we did not address this sufficiency of the evidence claim on Strother's prior appeal, the issue is properly before this court on interlocutory appeal. See United States v. Wallach, 979 F.2d 912, 917 (2d Cir.1992), cert. denied, 113 S.Ct. 2414 (1993).
 
 
 11
 A defendant seeking to demonstrate that the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt bears "a very heavy burden." United States v. Matthews, 20 F.3d 538, 548 (2d Cir.1994). We think that Strother fails to satisfy this burden.
 
 
 12
 In order for Strother to have been convicted under the bank fraud statute, the jury was required to find that: (1) CBT was insured by the Federal Deposit Insurance Corporation at the time the charged offense occurred; (2) there was a scheme to obtain money or funds owned or under the custody or control of the bank by means of false or fraudulent pretenses, representations or promises; and (3) the defendant executed the scheme knowingly, willfully, and with the specific intent to defraud the bank. See 18 U.S.C. § 1344. Because the parties stipulated as to the first element, the question of sufficiency of the evidence necessarily revolves around the second and third elements.
 
 
 13
 We think that Wollschleager's testimony regarding her recollection of the June 9th telephone conversation, where Strother told her that he had funds to cover the check and promised to wire those funds to CBT, provides sufficient evidence to support the second and third elements of bank fraud. The jury could have concluded that Strother misrepresented to the bank that he was taking steps to cover the Strother Film Partner I check. The evidence showed that Strother had no intention of covering the check and was taking no steps to do so, except by means of a fraudulent check-kite scheme. Accordingly, the district court properly determined that there was sufficient evidence to support Strother's conviction.
 
 
 14
 Strother also contends that his indictment should be dismissed because of defective grand jury proceedings. However, in light of 28 U.S.C. § 1291 (giving federal courts of appeals jurisdiction over final decisions of the district courts) and Midland Asphalt v. United States, 489 U.S. 794, 798 (1989) (holding that, except in limited circumstances, appellate review of criminal cases is prohibited "until after conviction and imposition of sentence"), seeing no reason in this instance to depart from the usual rule, we dismiss Strother's claim of defective grand jury proceedings for lack of appellate jurisdiction. See also United States v. Luloff, 15 F.3d 763, 768 (8th Cir.1994) (holding that a denial of a motion to dismiss an indictment on the ground that it was tainted by immunized testimony was not appealable before final judgment).