UNITED STATES, Plaintiff–Appellee,

v.

John E. SANDLES, Defendant–Appellant.

No. 01–1248.

United States Court of Appeals, Sixth Circuit.

May 10, 2001.

Before NORRIS and COLE, Circuit Judges; HOLSCHUH, District Judge.*

The defendant has filed a notice of appeal from a district court order denying his motion to reopen his detention hearing and grant pretrial release, and from a ruling denying his ex parte motion for a second psychiatric evaluation at government expense. Briefing is now completed. This panel unanimously agrees that the facts and legal arguments are adequately presented in the briefs and record, and that the decisional process would not be significantly aided by oral argument. *See* Fed. R.App. P. 9(a); 34(a). We have also reviewed two pro se documents filed by the defendant: an "appeal for motion to reopen detention hearing and to grant pretrial release" filed on March 13, 2001, and a letter addressed to the "judicial panel" filed on April 13, 2001.

As an initial matter, the government argues that the defendant's request for release is moot. The district court docket sheet indicates that on February 22, 2001, the defendant gave notice of his intent to rely on the defense of insanity, *see* Fed.R.Crim.P. 12.2, and the district court ordered that he be evaluated by a psychiatrist or psychologist at the Federal Correctional Facility in Milan. *See* 18 U.S.C. § 4242(a). We do not agree with the government's assertion that the defendant has consented to confinement. His confinement under § 4242 is temporary, *see* 18 U .S.C. § 4247(b), and his eligibility for release under the bail statute, 18 U.S.C. § 3142, remains at issue.

* The Honorable John D. Holschuh, United States District Judge for the Southern District of Ohio, sitting by designation.

Under § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

> The [detention] hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). "[W]e will not disturb the factual findings of the District Court and magistrate in pretrial [detention] hearings, unless we determine those findings to be clearly erroneous. Our standard in reviewing mixed questions of law and fact and the legal conclusions of the District Court, however, remains that of de novo consideration." *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985).

■ On September 6, 2000, the district court ordered that the defendant be detained. It is undisputed that the defendant suffers from a serious mental condition, and the district court found that his release would pose a danger to the safety of other persons and the community. The defendant moved on December 15, 2000, to reopen his detention hearing and to be released pending trial. In support of his motion, he attached a psychiatric report prepared on November 18, 2000, by the primary therapist at the Wayne County Jail where he was detained. The district court denied the defendant's motion by order entered on January 31, 2001.

■ Upon review of the January 31 order and the November 18 report, we agree with the defendant that the report presented new information that did not exist at the time of his initial detention hearing. However, to justify reopening the detention hearing, the information had to be sufficiently material to the issue of dangerousness. *See United States v. Hare*, 873 F.2d 796, 799 (5th Cir.1989). The report demonstrated that the defendant benefited from the psychiatric treatment he received in jail, but did not address what effect his release would have on his mental condition and whether he was likely to continue with treatment if released. We conclude that the district court did not err in denying the defendant's motion to reopen his detention hearing and grant pretrial release.

■ The final issue to be determined is whether we have jurisdiction to review the district court's ruling denying the defendant's December 20, 2000, ex parte motion for a second psychiatric evaluation at government expense. In criminal cases, the final judgment rule is strictly applied. *See Flanagan v. United States*, 465 U.S. 259, 264–65, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984). The defendant concedes that the ruling is not final, but argues it is appealable under the collateral order exception to the final judgment rule established in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To qualify for appeal under *Cohen*, "an order must (1) conclusively determine the disputed question, (2) resolve an im-

portant issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 799, 109 S.Ct. 1494, 103 L.Ed.2d 879 (1989) (internal quotations and citation omitted). If the defendant is convicted, the district court's denial of his request for a second psychiatric evaluation will be reviewable on direct appeal. *See, e.g., United States v. Smith,* 987 F.2d 888, 890–91 (2d Cir.), *cert. denied,* 510 U.S. 875, 114 S.Ct. 209, 126 L.Ed.2d 165 (1993). The denial is not "effectively unreviewable on appeal from a final judgment" and does not qualify for immediate review under *Cohen.*

The district court's January 31, 2001, order denying the defendant's motion to reopen his detention hearing and grant pretrial release is AFFIRMED. The defendant's appeal from the district court's ruling denying his December 15, 2000, motion for a second psychiatric evaluation is DISMISSED.