**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50094 |
| Plaintiff - Appellee, | D.C. No. 2:01-cr-00720-DDP-1 |
| v. | |
| WAI LEUNG CHU, aka Paul Chu, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 10, 2010[**]
Pasadena, California

Before: TROTT, WARDLAW, and IKUTA, Circuit Judges.

Wai Leung Chu appeals from the district court's order denying his motion

for an immediate supervised release revocation hearing. Chu is currently in prison

for crimes he committed in New Jersey while he was on supervised release

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

following the completion of his prison sentence for crimes he committed in the Central District of California. Because the denial of Chu's motion is not a final or appealable collateral order, we lack jurisdiction over this appeal.

The district court's order is not "effectively unreviewable on appeal from a final judgment." Flanagan v. United States, 465 U.S. 259, 265 (1984) (citation and internal quotation marks omitted). Because Chu challenges the delay before the revocation hearing -- not the hearing itself -- postjudgment review "does not cause or compound the deprivation already suffered." United States v. MacDonald, 435 U.S. 850, 861 (1978) (denial of constitutional speedy trial motion is not immediately appealable); see also United States v. Mehrmanesh, 652 F.2d 766, 769-70 (9th Cir. 1981) (denial of motion to dismiss under Speedy Trial Act is not immediately appealable). Collateral orders involve "'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989) (quoting MacDonald, 435 U.S. at 860). The district court's order does not. For these reasons, this appeal is

DISMISSED.