*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  11b0004n.06**

# BANKRUPTCY APPELLATE PANEL
## OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re Michelle L. Reese, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| WMS Motor Sales, Ltd., | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 10-8078 |
| | ) | |
| Michelle L. Reese, | ) | |
| Defendant, | ) | |
| | ) | |
| Irene K. Makridis, | ) | |
| Attorney-Appellant. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio.
Nos. 08-41173; AP No. 08-4172

Decided and Filed:  May 18, 2011

Before:  BOSWELL, FULTON, and RHODES, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:**  Irene K. Makridis, Warren, Ohio, for Appellant.  Randil J. Rudloff, GUARNIERI & SECREST, PLL, Warren, Ohio, for Appellee.

1

---

**OPINION**

---

STEVEN RHODES, Bankruptcy Appellate Panel Judge. In this appeal, an attorney appeals an order of the bankruptcy court which awarded sanctions against her following a remand from this Panel. For the reasons stated below, we AFFIRM the order.

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and the Appellant has not elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S. Ct. 1484, 1497 (1989) (citations omitted). The bankruptcy court's order imposing sanctions is a final, appealable order.

The imposition of sanctions is reviewed for an abuse of discretion. *Huntsman v. Perry Local Schools Bd. Of Educ.*, 379 Fed. App'x 456, 460 (6th Cir. 2010). "An abuse of discretion occurs where 'the lower court relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.'" *Id*. (citing *United States v. Heavrin*, 330 F.3d 723, 727 (6th Cir. 2003) (quoting *United States v. True*, 250 F.3d 410, 422 n. 9 (6th Cir. 2001))).

## FACTS

Attorney Irene K. Makridis filed a frivolous appeal, BAP No 09-8053, on behalf of Michelle L. Reese. Ms. Reese sent a letter to the Panel requesting that the appeal be dismissed, asserting that she did not authorize Attorney Makridis to file the appeal. The Panel dismissed that appeal and entered an order remanding the case to the bankruptcy court for a determination of sanctions. Makridis filed an appeal of the BAP's order to the Sixth Circuit Court of Appeals, which dismissed the appeal because it was not from a final order.

2

On remand, the bankruptcy court held an evidentiary hearing, where it heard testimony from both Appellee's attorney and a representative of Appellee regarding the amount of the attorney fees and normal billing practices. Makridis did not present any evidence at the hearing.

The Bankruptcy Court awarded the full amount of fees requested as a sanction for the frivolous appeal. Makridis filed a timely appeal of the sanction award.

## DISCUSSION

In the present appeal, Makridis's brief focuses on her conduct in the original appeal. She makes the argument that the appeal was not frivolous because it could have helped clarify "precisely which documents a party should rely on in determining the commencement date to file a notice of appeal." (Appellant's Br. at 10.) She further argues that: "Even if these are obvious, and even if others manage to figure them out without a problem, there is no harm in BAP clarifying matters if this can prevent but one litigant from getting things wrong." (Appellant's Br. at 11.) Further, Makridis argues: "This appeal had value and utility which should be taken into consideration when considering sanctions." (Appellant's Br. at 12.) Finally, Makridis concludes that the bankruptcy court erred in awarding the full amount of attorney fee's requested because "a lesser amount is more appropriate since the appeal was prosecuted in error, and moreover it sought to clarify a court rule." (Appellant's Br. at 15-16.)

Makridis's arguments are completely misplaced. She did not make any of these arguments to the bankruptcy court. Makridis acknowledges the general rule that the Panel will not hear arguments not first addressed to the bankruptcy court. *Ortiz v. Jordan*, __ U.S. __, 131 S. Ct. 884, 891 (2011). On occasion, the Panel may disregard this rule, if important, purely legal issues are raised. Makridis attempts to cast her arguments as significant enough to warrant the Panel by-passing this rule. That, however, is not the case.

The appeal did not involve a novel legal issue. The underlying judgment was a finding of nondischargeability pursuant to § 523(a)(2) relating to the purchase of a vehicle with a dishonored check. Makridis did not file a notice of appeal within the applicable time limit. She did file a timely motion for extension of time to file a notice of appeal. The motion for extension, however, did not assert "excusable neglect." The Bankruptcy Court denied the motion. Makridis then filed a motion for reconsideration, which was also denied. Makridis then filed a notice of appeal. Makridis's

primary argument in the original appeal was that she should not have to show excusable neglect for an extension of time to file an appeal.

The Panel dismissed the appeal upon receipt of a letter from the debtor stating that she had not authorized her attorney to file an appeal on her behalf. (Case 09-8053, Doc. 00617745335 filed 11/23/2009). The Panel remanded the case for a determination of sanctions, noting: "This appeal does not involve serious, controversial, doubtful, or even novel questions . . . . Makridis's arguments lack any conceivable merit, and this has been apparent for a long time." The Panel further noted that the bankruptcy court and opposing counsel had both warned Makridis of the possibility of sanctions for a frivolous appeal. (Case 09-8053, Doc. 00619164120, 2/19/2010 Order).

On remand, the bankruptcy court conducted an evidentiary hearing. The opposing attorney presented his time sheets, including brief descriptions, and explained his hourly rate. His client also testified that the time-sheets and rates were typical billing that he received throughout his business relationship with the attorney. Makridis did not present any evidence to challenge either the time spent or the reasonableness of the rate. The Court found the rates reasonable and awarded the full amount.

The Panel reviews the award of sanctions for an abuse of discretion. Makridis' only argument is that her conduct did not warrant sanctions. This argument is not appropriate at this stage of appeal. She did not make that argument to the bankruptcy court, so the Panel will not consider it here. Even if the Panel were to consider the argument, it would fail. Makridis filed a frivolous appeal that was not authorized by her client. Makridis asserts there was "no harm" in the Panel considering the appeal, however, there was harm to the Appellee, who incurred attorney's fees in defending the appeal. The bankruptcy court awarded the full amount of the Appellee's attorney's fees as a sanction. The Panel concludes that the Bankruptcy Court did not commit clear error in awarding the full amount of fees requested as a sanction. Accordingly, the Bankruptcy Court's order is **AFFIRMED**.