**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff-Appellee,<br><br>v.<br><br>HECTOR ZAPATA-PEREZ,<br><br>     Defendant-Appellant. | No. 15-10217<br><br>D.C. No. 5:09-cr-01092-JW-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted September 21, 2016
Pasadena, California

Before:  REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Hector Zapata-Perez appeals from the district court's order denying his

motion to revoke his term of supervised release and sentence him in absentia.

Because the denial of Zapata-Perez's motion is not a final or appealable collateral

order, we lack jurisdiction over this appeal.

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The district court's order is not "effectively unreviewable on appeal from a final judgment." *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (citation and internal quotation marks omitted). Because Zapata-Perez in effect challenges the delay on holding a revocation hearing, postjudgment review "does not cause or compound the deprivation already suffered." *United States v. MacDonald*, 435 U.S. 850, 861 (1978) (denial of constitutional speedy trial motion is not immediately appealable); *see also United States v. Mehrmanesh*, 652 F.2d 766, 769-70 (9th Cir. 1981) (denial of motion to dismiss under Speedy Trial Act is not immediately appealable). Collateral orders reviewable on interlocutory appeal involve "'an asserted right the legal and practical value of which would be destroyed if it were not vindicated before trial.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989) (quoting *MacDonald*, 435 U.S. at 860).

For these reasons, this appeal is DISMISSED.