UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: IN THE DISCIPLINARY MATTER OF NINA RAE RINGGOLD, California State Bar No. 133735, <br><br>_____<br><br> NINA RINGGOLD, California State Bar No. 133735, <br><br> Petitioner-Appellant. | No. 20-55199 <br><br> D.C. No. 2:19-ad-00196-VAP <br> Central District of California, <br> Los Angeles <br><br> ORDER |

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

The panel has voted to deny the petition for panel rehearing.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. *See* Fed. R. App. P. 35.

Ringgold's petition for panel rehearing and petition for rehearing en banc (Docket Entry No. 26), and motion for judicial notice (Docket Entry No. 25), are denied.

The court sua sponte withdraws the April 29, 2021 memorandum disposition. A replacement memorandum disposition will be filed concurrently with this order.

No further filings or petitions for rehearing will be entertained in this closed case.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  IN THE DISCIPLINARY MATTER OF NINA RAE RINGGOLD, California State Bar No. 133735, _____ NINA RINGGOLD, California State Bar No. 133735,                       Petitioner-Appellant. | No. 20-55199  D.C. No. 2:19-ad-00196-VAP  MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Nina Ringgold appeals pro se from the district court's orders in her

disciplinary action.  To the extent we have jurisdiction, it is under 28 U.S.C.

§ 1292(a)(1).  We review for an abuse of discretion.  *Jackson v. City & County of*

*San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014).  We affirm in part and dismiss

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in part.

The district court did not abuse its discretion by denying Ringgold's request to file a motion in her separate civil action.[1] *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules."); C.D. Cal. L.R. 83-3.3 ("Any attorney previously admitted to the Bar of this Court who no longer is enrolled as an active member of the Bar, Supreme Court, or other governing authority of any State . . . shall not practice before this Court."); *see also Jackson*, 746 F.3d at 958 (setting forth requirements for a preliminary injunction).

We lack jurisdiction to consider the district court's orders entered on October 29, 2019 and December 11, 2019 because they are not final appealable orders. *See* 28 U.S.C. § 1291 (jurisdiction of appeals from "final decisions"); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) ("For purposes of [28 U.S.C. § 1291], a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citation and internal quotation marks omitted)). Moreover, Ringgold did not file a notice of appeal within 30 days after entry of these orders. *See* Fed. R. App. P. 4(a)(1)

---

[1] There were four plaintiffs in that action, including Ringgold. The proposed motion was sought to be filed on behalf of all four plaintiffs

(notice of appeal must be filed within 30 days after entry of the order appealed from).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Ringgold's request for relief under 28 U.S.C. § 1651. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in appellant's opening brief are waived).

All pending motions are denied.

**AFFIRMED in part, DISMISSED in part.**