[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12549

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN DAVID MELTON,
a.k.a. David Melton,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 4:20-cr-00081-RSB-BKE-4

_____

Before JILL PRYOR, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

John David Melton appeals from the district court's order denying his motion to dismiss the indictment based on challenges to a standing order regarding grand jury procedures utilized during the COVID-19 pandemic.  In his motion, Melton argued that the standing order violated his Fifth Amendment right to a grand jury and Federal Rule of Criminal Procedure 6 because it did not ensure grand jury secrecy, improperly permitted videoconferencing, and resulted in less than a quorum of the grand jurors being present in the same room.  The government moves to dismiss this appeal for lack of jurisdiction, arguing that the district court's order is not appealable under the collateral order doctrine.

We conclude that the district court's order is neither final nor immediately appealable.  *See* 28 U.S.C. § 1291.  The order is not final because Melton has yet to be convicted or sentenced.  *See Flanagan v. United States*, 465 U.S. 259, 263 (1984).  And it is not appealable under the collateral order doctrine because it does not involve a right not to be tried, which means it can be effectively reviewed on appeal from a final judgment.  *See United States v. Shalhoub*, 855 F.3d 1255, 1260 (11th Cir. 2017); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 800, 802 (1989) (stating that, to be effectively unreviewable on appeal from a final judgment, an order

must deprive a defendant not of the right not to be convicted, but of the right "*not to be tried at all*").

To the extent Melton argued that the standing order failed to ensure grand jury secrecy, that alleged violation does not implicate a right not to be tried because it is not "a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment." *See Midland Asphalt Corp.*, 489 U.S. at 802. Additionally, we recently held that to the extent the same standing order at issue here violated Rule 6, that violation is not a "fundamental error" that "change[s] the basic nature of [the] grand jury or fatally infect[s] [the] indictment." *See United States v. Graham*, 80 F.4th 1314, 1317-18 (11th Cir. 2023).

The district court's order is therefore not appealable at this time, under the collateral order doctrine or otherwise. The government's motion to dismiss is GRANTED and this appeal is DISMISSED.