# United States Court of Appeals for the Fifth Circuit

———————————

No. 25-10347
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 17, 2025

Lyle W. Cayce
Clerk

AHMED SALAH EL SHAZLY,

*Plaintiff—Appellant*,

*versus*

TEXAS TECH UNIVERSITY,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:24-CV-161

———————————————————————

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

In July 2024, Ahmed Salah El Shazly filed this suit against Texas Tech University ("Texas Tech") alleging that he was discriminated against on account of his race. On November 21, 2024, Texas Tech moved to dismiss El Shazly's claims under Federal Rule of Civil Procedure 12(b)(6). El Shazly's response to Texas Tech's motion to dismiss was due within 21 days

———————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

or no later than December 12, 2024.[1] El Shazly, however, failed to timely respond to Texas Tech's motion to dismiss. Consequently, four days after the deadline for filing a response passed, the district court granted Texas Tech's motion as unopposed and entered a final judgment dismissing El Shazly's claims with prejudice. El Shazly then moved for an extension of time to file a response to Texas Tech's motion to dismiss citing his counsel's "unexpected medical procedures" as the cause of his failure to meet the deadline. The district court denied El Shazly's motion, explaining that "good cause or excusable neglect has not been shown to extend the deadline." The district court further noted that although El Shazly's counsel had referenced "unexpected medical procedures," he provided no further information or evidence in support of his request for an extension. El Shazly then filed this appeal of the district court's order granting Texas Tech's motion to dismiss.

On appeal, however, El Shazly does not brief any arguments in support of his position that the district court erred in granting Texas Tech's motion to dismiss. Instead, he devotes his entire brief to his argument that the district court erred in denying his motion for an extension of time to respond to Texas Tech's motion to dismiss. Although El Shazly correctly points out in his reply brief that he mentions the district court's dismissal order in his principal brief, he does so only in passing without addressing the merits. Accordingly, because he has failed to brief on appeal a challenge to the district court's dismissal of his suit under Rule 12(b)(6), we do not address the issue herein. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal.").

---

[1] *See* N.D. Tex. Local Rule 7.1(e).

No. 25-10347

Moreover, because the district court had already entered a final judgment dismissing El Shazly's suit four days before he moved for an extension to respond to Texas Tech's motion to dismiss, his attempt to challenge on appeal the district court's order denying his extension motion also fails because such an order is not a final, appealable judgment under 28 U.S.C. § 1291. *See* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States." (emphasis added)); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) (explaining that a final judgment is deemed to have occurred when "there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (cleaned up)). Although the district court's order dismissing El Shazly's suit was a final judgment for purposes of § 1291 because it ended the litigation on the merits, its order denying El Shazly's motion for an extension of time was not because final judgment had already been entered. Thus, we lack jurisdiction to review the district court's order denying El Shazly's motion for an extension and do not address his arguments related to that order herein. *See* 28 U.S.C. § 1291.

For the aforementioned reasons, we AFFIRM the district court's judgment dismissing El Shazly's claims against Texas Tech with prejudice.