PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

--------------------
No. 94-4323
-------------------
D. C. Docket No. 88-2145-CIV-ATKINS


TEC COGENERATION INC., RRD CORPORATION, as
they are partners in South Florida Cogeneration Associates,
THERMO ELECTRON CORPORATION, ROLLS-ROYCE, INC.,

Plaintiffs-Appellees,


versus

FLORIDA POWER & LIGHT COMPANY,
FPL GROUP, INC., FPL ENERGY SERVICES, INC.,

Defendants-Appellants,

WAYNE H. BRUNETTI, LARRY T. ATKINSON,
JOE C. COLLIER, JR., CLARK COOK,

Defendants,

FLORIDA PUBLIC SERVICE COMMISSION,

Movant.

D. C. Docket No. 88-2145-CIV-ATKINS

TEC COGENERATION INC., RRD CORPORATION, as
they are partners in South Florida Cogeneration Associates,
THERMO ELECTRON CORPORATION, ROLLS-ROYCE, INC.,

                                        Plaintiffs-Appellees,

    versus

FLORIDA POWER & LIGHT COMPANY,
FPL GROUP, INC., FPL ENERGY SERVICES, INC.,

                                        Defendants-Appellants,

WAYNE H. BRUNETTI, LARRY T. ATKINSON,
JOE C. COLLIER, JR., CLARK COOK, et al.

                                        Defendants.

-------------------------------
Appeals from the United States District Court
for the Southern District of Florida
-------------------------------
**(June 10, 1996)**

ON PETITION FOR REHEARING AND
SUGGESTION OF REHEARING EN BANC


Before EDMONDSON, Circuit Judge, HILL, Senior Circuit Judge, and MILLS*,
District Judge.

PER CURIAM:

-------------------------------------
*Honorable Richard Mills, U.S. District Judge for the Central District of Illinois,
sitting by designation.

Upon consideration of the appellee's suggestion for rehearing en banc, treated

as a petition for rehearing by the panel, the same is granted, and the opinion filed

in this case on March 8, 1996, and published at 76 F.3d 1560, is modified in one

respect. The first column, consisting of three full paragraphs, 76 F.3d at 1570, is

deleted, and in lieu thereof the following three paragraphs, including two footnotes,

are substituted:

We agree with the district court that the issue in this case is active supervision vel non. We disagree with the district court that the PSC's supervision was insufficient. The record reflects that the PSC played an active and substantial role "in determining the specifics of the economic policy" pursued by FPL in the areas of wheeling, rates, and interconnection. See Ticor, 112 S.Ct. at 2177.

Utilities, including suppliers of electrical energy, are traditionally heavily-regulated industries. It is not unusual for them to be given monopoly positions, as in Florida, with state regulation supplanting competition as the price and economic viability control. The record in this case reflects a history of active regulation.[1] As to wheeling, after an eleven-month contested administrative proceeding, the PSC approved FPL's actions in denying the Cogenerators' wheeling request. As to rates related to cogeneration (backup, avoided cost, and interruptible), the record reflects that these rates are determined by PSC rulemaking and have been the subject of extensive and contested agency proceedings. Furthermore, the resulting rates were different from those proposed by the Cogenerators or FPL. As to interconnection, the record reflects that the PSC also conducted extensive proceedings developing detailed instructions on interconnection agreements and fixing the terms of FPL's standard interconnection agreement.[2]

We readily conclude, therefore, that FPL's actions bear the affirmative and ongoing imprimatur of the state; that there is ample evidence in the record to indicate that the state, through the PSC, has played a substantial role in determining the specifics of FPL's economic policy; and, that the state has clearly exercised sufficient independent judgment and control to satisfy the active supervision prong. Id.

---

1. The district court recognized that "FPL's conduct has been carefully structured by the [PSC] and supervised in many [PSC] proceedings."

2. Under Fla. Admin. Code Rule 25-17.087 (1988), a cogenerator may justify changes to the standard form, through objection to the PSC, which retains full control over the subject matter.

In all other respects, the petition for rehearing is DENIED. No member of this panel nor other judge in regular active service on the court having requested that the court be polled on rehearing en banc (Rule 35, Federal Rules of Appellate Procedure; Eleventh Circuit Rule 35-5), the suggestion of rehearing en banc is DENIED.