Elaine M. JORDAN; Theresa Sheldon; Marilyn Evone Mulrain; Denise Bryant; Byllye J. Comer, et al., Plaintiffs–Counter–Defendants, Appellees,

v.

### AVCO FINANCIAL SERVICES OF GEORGIA, INC., et al., Defendants,

Pioneer Credit Company, A Tennessee Corporation, et al., Counter–Claimants,

American Bankers Insurance Company of Florida; Voyager Guaranty Insurance Company, A Florida Corporation; Voyager Indemnity Insurance Company, A Georgia Corporation; Voyager Life and Health Insurance Company, A Georgia Corporation; Voyager Property and Casualty Insurance Company, A South Carolina Corporation, Defendants–Appellants.

No. 96–9168.

United States Court of Appeals, Eleventh Circuit.

July 24, 1997.

---

Frank Burt, James F. Jorden, Miami, FL, for Defendants–Appellants.

Charles Neal Pope, Wade H. Tomlinson, Max R. McGlamry, Columbus, GA, Michael L. McGlamry, Atlanta, GA, for Plaintiffs–Counter–defendants–Appellees.

Before COX, Circuit Judge, KRAVITCH, Senior Circuit Judge, and STAGG *, Senior District Judge.

STAGG, Senior District Judge.

Plaintiffs/appellees are consumers who have filed suit against defendants/appellants, five insurance companies, pursuant to the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*, the Sherman Act, 15 U.S.C. § 1, *et seq.*, and the Clayton Act, 15 U.S.C. § 12, *et seq.* Plaintiffs allege that defendants fraudulently induced them to purchase "non-filing insurance," which the plaintiffs allege is not, in fact, insurance, but is an undisclosed finance charge. The defendants filed a motion to dismiss pursuant to Fed. R.Civ.Proc. 12(b)(6), claiming that the McCarran–Ferguson Act, 15 U.S.C. §§ 1011–1015, grants them immunity from suit because this dispute is covered by state insurance law. The district court denied defendants' motion, ruling that the complaint states a cause of action and that the McCarran–Ferguson Act (the "Act") does not apply to bar the plaintiffs' claims.

At oral argument, the parties were ordered by this court to submit briefs on the issue of whether this court has jurisdiction over this interlocutory appeal. Having reviewed the cases cited by the parties, we conclude that this court does not have jurisdiction to entertain this appeal, and the appeal is dismissed.

## I. BACKGROUND

Plaintiffs, consumers in credit transactions with various merchants and financing institutions, have applied to the district court for class certification in this matter. Plaintiffs allege that defendants induced them to purchase a product claimed by the defendants to be "non-filing insurance." The alleged "insurance" was marketed by the defendants

---

* Honorable Tom Stagg, Senior U.S. District Judge for the Western District of Louisiana, sitting by

designation.

and sold to merchants and financing institutions to "insure" against losses that these institutions might incur as a result of their failure to file a Form UCC–1, which would perfect a security interest in the items that were purchased on credit by the consumers. Plaintiffs allege that the "premiums" for this "insurance" were paid by the consumer rather than by the merchants and financing institutions. Plaintiffs allege that the product in question is not insurance because, *inter alia,* there is no insurance policy between them and the defendants; there is no transfer of risk to the defendants once the "insurance" is purchased; and the defendants receive the "premiums" based on a pre-arranged percentage, not based on actual losses incurred by each defendant. Plaintiffs contend that these characteristics, which are indicia of insurance, are lacking in the present case.

Defendants/appellants claim that the product sold to the plaintiff/appellees is insurance. Defendants claim that there is an insurance policy; that risk is transferred to themselves immediately upon the purchase of the "insurance;" and that merely because the premiums are divided by an agreed percentage does not preclude the product from being insurance. Because defendants claim that the plaintiffs-consumers were sold insurance, the defendants argue that this issue should be handled by the Georgia Insurance Department, the Georgia Insurance Commissioner, and Georgia state laws regarding insurance. Defendants claim that the Act grants them immunity from suit on issues regarding the business of insurance.

On November 15, 1996, a motion's panel of this court denied a motion by plaintiffs to dismiss this appeal, ruling that the denial of the district court's motion to dismiss based on the Act was immediately appealable under the collateral order doctrine. In support of this ruling the panel cited *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985); *Coopers & Lybrand v. Livesay,*

437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978); *Uniforce Temporary Personnel, Inc. v. National Council on Compensation Insurance, Inc.,* 87 F.3d 1296 (11th Cir.1996); and *TEC Cogeneration, Inc. v. Florida Power & Light Co.,* 76 F.3d 1560, 1563 n. 1 (11th Cir.), *modified,* 86 F.3d 1028 (1996). Based on the aforementioned order, this appeal was presented to this court for decision on the merits.

## II. DISCUSSION

█ The issue presented here is whether this court has jurisdiction to hear this appeal pursuant to the collateral order doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Defendants sought a certificate for interlocutory appeal pursuant to 28 U.S.C. § 1292(b)[1], but were denied. Thus, this court has jurisdiction to hear this appeal only if such jurisdiction is provided by the collateral order doctrine.

█ In *Cohen,* the Court stated that 28 U.S.C. § 1291 does not "permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge." *Id.* at 546, 69 S.Ct. at 1225. "The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results." *Id.* The collateral order doctrine carves out a "narrow exception to the normal application of the final judgment rule," *Midland Asphalt Corp. v. United States,* 489 U.S. 794, 798, 109 S.Ct. 1494, 1498, 103 L.Ed.2d 879 (1989), limited to orders that (1) conclusively determine (2) important legal questions which are (3) completely separate from the merits of the underlying action and are (4) effectively unreviewable on appeal from a final judgment. *See Cohen,* 337 U.S. at 546, 69 S.Ct. at 1225–26. The defendants contend that the district court's order denying their Rule 12(b)(6) mo-

---

1. Section 1292(b) provides in pertinent part:
 When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate question of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order....

tion to dismiss based on the Act meets these four preconditions and, therefore, is immediately appealable.

Defendants argue that this issue is immediately appealable because it is analogous to the issue of immunity. They contend that the Act operates as an immunity from suit in federal court on issues related to the "business of insurance."[2] In support thereof, appellants cite the following: *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (holding that the issue of whether the Attorney General was entitled to qualified immunity is immediately appealable under the collateral order doctrine); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993) (holding that the *Mitchell* rationale applies to claims of Eleventh Amendment immunity made by states and state entities); and *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943) (holding that state-action immunity issues—immunity from federal statutes not intended to restrain state action or official action directed by a state—are immediately appealable under *Cohen* and *Mitchell*).

The inquiry becomes whether the Act grants a type of immunity—such as an immunity from suit in federal court—or whether the Act is a statute of state-law preemption. The Act determines whether state laws regulating insurance or federal laws related to insurance will apply in a given controversy regarding the "business of insurance." "The Act [does] no more than clarify the boundaries of state and federal jurisdiction over the business of insurance." 21 L.Ed.2d 938, 951 (1969), citing *Allstate Ins. Co. v. Lanier,* 361 F.2d 870 (4th Cir.), *cert. denied,* 385 U.S. 930, 87 S.Ct. 290, 17 L.Ed.2d 212 (1966). "The Act is merely a direction to the courts not to construe, with certain specified excep-

tions, any statute enacted by Congress as invalidating, impairing, or superseding any state law regulating the business of insurance or imposing a tax or fee on such business." 21 L.Ed.2d 938, 951 (1969), citing *Royal Standard Ins. Co. v. McNamara,* 344 F.2d 240 (8th Cir.1965).

It is clear that the Act does not provide immunity to insurance companies against suit in federal court. The plain language of the Act does not mention immunity, nor does it imply that it grants immunity to any person.[3] The Act does not allow federal laws of general application to invalidate state insurance laws. This fact does not, however, extend to any person immunity from suit in federal court. The protections of the Act are not analogous to the types of immunity granted by the doctrines of qualified immunity, state-action immunity, or Eleventh Amendment immunity.

The "primary legislative purpose of the Act was to reaffirm the states' power to regulate insurance (subject to constitutional limitations) and to insure that state regulatory schemes would not be impaired and overridden except by specific and explicit congressional enactments." 21 L.Ed.2d 938, 949–950 (1969), citing *Hamilton Life Ins. Co. v. Republic Nat. Life Ins. Co.,* 291 F.Supp. 225 (D.C.N.Y.1968), *affirmed,* 408 F.2d 606 (2d Cir.1969). Section 1 of the Act "shows the intention of Congress that states should continue regulating the insurance business where Congress has not expressly taken over." 21 L.Ed.2d 938, 950 (1969), citing *Panhandle Eastern Pipe Line Co. v. Public Service Commission,* 332 U.S. 507, 68 S.Ct. 190, 92 L.Ed. 128 (1947). Thus, "the Act has profoundly affected the question whether state or federal law applies in insurance cases." 21 L.Ed.2d 938, 946 (1969). In practical application, the Act "turns the traditional rule of federal preemption of state law on

---

**2.** Section 1012 of the Act states:

(a) The business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business.

(b) No Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance, or which imposes a fee or tax upon such business, unless such Act

specifically relates to the business of insurance: *Provided,* That after June 30, 1948 ... the Sherman Act ... the Clayton Act ... and the Federal Trade Commission Act ... shall be applicable to the business of insurance to the extent that such business is not regulated by State law.

(emphasis in original).

**3.** *See supra,* note 2.

its head." Lee R. Russ & Thomas F. Segulla, Couch on Insurance 3d 2–12 (1996). Based on the above, this court concludes that the Act is a statute of preemption rather than one granting immunity.

Further, the cases of this circuit cited in the November 15, 1996 motion's panel order regarding the applicability of the collateral order doctrine to this case, are inapposite. In *Uniforce,* the court reviewed a final order—the district court's grant of summary judgment. Thus, the collateral order doctrine was not discussed, nor was the issue of the court's appellate jurisdiction raised. The court addressed the merits of the summary judgment order and whether the Act applied in that case. It did not discuss the Act as it relates to the collateral order doctrine.

In *TEC Cogeneration,* the court merely recognized that this circuit has held that the denial of state-action immunity from antitrust laws is immediately appealable under the collateral order doctrine. *See id.* at n. 1.; *Commuter Transportation Systems, Inc. v. Hillsborough County Aviation Authority,* 801 F.2d 1286, 1290 (11th Cir.1986). As previously stated, the Act does not provide immunity from suit, as does state-action immunity. Thus, *TEC Cogeneration* is inapplicable in this respect.

Because the Act does not provide immunity to suit, but rather a defense to liability under federal statutes of general application, the denial of a motion to dismiss based on the applicability of the Act to this controversy is not immediately appealable under the collateral order doctrine. Because the Act provides a defense to liability, this issue is effectively reviewable on appeal from final judgment. Accordingly, we vacate the motion's panel order of November 15, 1996, granting appellate jurisdiction and hold that this court does not have jurisdiction to hear this appeal. *See* 11th Cir. Rule 27–1(f); *Praxair, Inc. v. Florida Power & Light,* 64 F.3d 609, 611 (11th Cir.1995), *cert. denied,* — U.S. ——, 116 S.Ct. 1678, 134 L.Ed.2d 781 (1996).

APPEAL DISMISSED.