*By order of the BankruptcyAppellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 05b0009n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: DONALD A. HARMAN, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DONALD A. HARMAN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 04-8085 |
| | ) | |
| JOSEPH DAVILLA, SR., | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio, at Youngstown.
No. 00-41218.

Submitted: May 4, 2005

Decided and Filed: July 12, 2005

Before: LATTA, PARSONS, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ON BRIEF:** Donald A. Harman, Youngstown, Ohio, pro se. Matthew C. Giannini, Youngstown, Ohio, for Appellee.

_____

**OPINION**
_____

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge. Appellant Donald A. Harman ("Harman") seeks review of a bankruptcy court order in which the court would not stop the efforts of Appellee Joseph Davilla, Sr. ("Davilla") to foreclose on his judgment lien against real property previously owned by Harman. Harman's argument on appeal is that because his judgment debt to Davilla was discharged in his chapter 7 case, the judgment lien is no longer valid.

After examination of the record and the briefs, the Panel unanimously agrees that Harman does not have standing to challenge Davilla's foreclosure efforts because no interest of Harman was affected. The Panel additionally concludes that Harman's discharge did not provide a basis for the avoidance of Davilla's judgment lien. Accordingly, we **AFFIRM** the order of the bankruptcy court.

## I. ISSUES ON APPEAL

The issues presented are, first, whether Harman has standing and, second, whether a judgment lien on real property not owned by the debtor at the time he filed bankruptcy remains valid after personal liability for the judgment debt is discharged.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("Panel") has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio authorized appeals to the Panel. A "final order" of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The decision of the bankruptcy court in denying its order for Davilla to appear and show cause why he should not be held in contempt for attempting to collect a debt discharged in Harman's chapter 7 bankruptcy case is a final order. *See Brown v. Pa. State Employees Credit Union (In re Brown)*, 803 F.2d 120, 121-22 (3d Cir. 1986) (bankruptcy court's order denying claim that creditor attempted to collect a discharged debt was a final order).

The Panel's review of the bankruptcy court's conclusions of law is *de novo*. *See Canadian Pacific Forest Prods Ltd. v. J. D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436 (6th Cir. 1995) (*de novo* review of standing to pursue an avoidance action)*; In re M. J. Waterman & Assocs., Inc.*, 227 F.3d 604, 607 (6th Cir. 2000) (conclusions of law reviewed *de novo*). *De novo* standard of review is particularly appropriate here since no issues of fact exist. *See Deere Credit Servs. v. Tenn. Dept. of Agriculture (In re Hollingshead)*, 286 B.R. 622, 624 (B.A.P. 6th Cir. 2002) (holding that where no disputed facts, bankruptcy court's determination of lien priorities is conclusion of law, subject to *de novo* review).

## III. FACTS

On October 19, 1996, Davilla obtained a $100,000 judgment against Harman and a month later recorded his judgment lien against all of Harman's real property, including a house located at 64 North Montgomery Avenue, Youngstown, Ohio ("Youngstown property"). Almost two years later, on October 15, 1998, Harman and his wife transferred the Youngstown property to Harman's sister, Nancy L. Sparks ("Sparks").

On May 1, 2000, Harman filed for relief under chapter 7 of the United States Bankruptcy Code. On February 12, 2001, he obtained a discharge, and the case was closed.

Thereafter, on January 7, 2003, Sparks commenced her own chapter 7 case, in which she filed a motion pursuant to 11 U.S.C. § 522(f) to avoid the judgment lien held by Davilla. In an order entered July 31, 2003, the bankruptcy court denied Sparks' motion, concluding that the plain language of § 522(f) provides relief from the "fixing" of a lien on a debtor's interest in property and that Davilla's lien attached to the Youngstown property before Sparks acquired an interest in it. Dissatisfied with the result, Sparks filed a motion to reconsider based on the fact that Harman's personal liability on the $100,000 judgment had been discharged in his bankruptcy case. In a memorandum and order entered October 23, 2003, the bankruptcy court denied the reconsideration request, observing that the newly submitted evidence revealed only the discharge, not that the

judgment lien had been avoided in Harman's case. As stated by the court, "Harman's prior discharge in bankruptcy discharged only his personal liability, *see* 11 U.S.C. § 524(a); it did not discharge the *in rem* liability or serve to avoid the judgment lien."

Some time after the court denied the motions in Sparks' bankruptcy case, Davilla initiated foreclosure proceedings against the Youngstown property, prompting Harman to file a motion to reopen his chapter 7 case on May 12, 2004 to "stop creditor harassment and an improper foreclosure." By order dated June 1, 2004, the bankruptcy court granted Harman's motion to reopen his case for the limited purpose of determining "why there is [sic] continued efforts by Creditor Davilla Sr, [sic] to collect a debt that was discharged on February 12th of 2001." The court also issued an order directing Davilla to appear and show cause at a hearing on September 2, 2004.

At the hearing, Harman argued that because Davilla's judgment lien against the Youngstown property secured a previously discharged judgment, the lien should have been released and Davilla could not foreclose on the property. The bankruptcy court disagreed, reaching the same conclusion the bankruptcy court had reached in Sparks' case, that the discharge only absolved Harman of personal liability and that the judgment lien remained against the property.

In accordance with this ruling, on September 16, 2004, the bankruptcy court entered an order denying its order for Davilla to appear and show cause. The September 16 order also observed, although the issue was not raised at the hearing, that Harman did not have standing to attempt to stop Davilla's foreclosure action because Harman did not own the Youngstown property and because Davilla had made no attempt to collect from Harman the debt which had been discharged in Harman's bankruptcy case. It is this order that Harman has timely appealed.

## IV. DISCUSSION

First, Harman does not have standing. The Sixth Circuit Court of Appeals has stated that "because lack of standing is a jurisdictional bar, an appellate court may consider questions of standing *sua sponte*." *Bittel v. Yamato Int'l Corp. (In re Bittel)*, 70 F.3d 1271 (table), 1995 WL 699672, at *1 (6th Cir. Nov. 27, 1995) (citing *Cmty. First Bank v. Nat'l Credit Union Admin.*, 41 F.3d 1050, 1053 (6th Cir. 1994) (appellee's failure to cross appeal did not waive standing issue; "[s]tanding is not an affirmative defense that must be raised at risk of forfeiture"); *see also Bd. of County Comm'rs v. W.H.I., Inc.*, 992 F.2d 1061, 1063 (10th Cir. 1993) (standing is threshold issue which must be resolved before federal court acquires jurisdiction; thus, standing may be raised at any time). Although standing was not raised by the parties as an issue in the bankruptcy court and has not been raised as an issue on appeal, Harman's lack of standing is a complete bar to his request for relief.

It is undisputed that Harman transferred the Youngstown property to his sister nearly two years before he filed bankruptcy. Consequently, Harman had no interest in the property either at the time he filed bankruptcy or at the time of the hearing which is the subject of his appeal. The United States Supreme Court has stated:

> [T]he standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf. The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally. A federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threatened or actual injury resulting from the putatively illegal action . . . ."

*Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205 (1975) (citations and footnote omitted). Because Harman transferred any interest he had in the Youngstown property before filing bankruptcy, he has no personal stake in the outcome of this controversy. As a result, he lacks standing to pursue this action. *See In re Sizemore*, 177 B.R. 530, 531 (Bankr. E.D. Ky. 1995) (explaining that debtors who moved to reopen case for purpose of avoiding execution lien on property they had sold had no standing because had no "present cognizable interest"); *In re Presti,* No. 893-85768-346, 1996 WL 788505, at *3 (Bankr. E.D.N.Y. Dec. 26, 1996) (holding that debtors lacked standing to reopen case to bring lien avoidance action under § 522(f) because sold the property before hearing date).

Second, even if standing were present, Harman's appeal is without merit. Harman asserts that once an underlying debt has been discharged, the existing lien must also be extinguished. However, 11 U.S.C. § 524(e) is clear: "The discharge of a debt of the debtor does not affect the liability of . . . the property of any other entity for, such debt." *See also In re Arrowmill Dev. Corp.*, 211 B.R. 497, 504 (Bankr. D. N.J. 1997) ("[S]ection 524(e) specifically prohibits the expansion of the discharge beyond the debtor itself."); *In re Keller*, 157 B.R. 680, 685 (Bankr. E.D. Wash. 1993) (proposed chapter 11 plan that compelled creditor to release liens against properties of non-debtor violated § 524(e)). The fact that the debtor's personal liability was discharged provides no basis for avoiding the lien on property not owned by him.

The bankruptcy court's refusal to avoid the lien was not erroneous. Under § 522(f)(1)(A), a debtor may avoid the fixing of a judicial lien on "**an interest of the debtor in property** to the extent that such lien impairs an exemption to which the debtor would have been entitled" (emphasis added). Because Harman did not own the property at the time of his bankruptcy, the lien did not impair any exemptible interest of Harman, and thus, he could not have avoided the judgment lien in his case. Unless specifically avoided in the bankruptcy proceedings, a lien on real property passes through bankruptcy unaffected. *See Talbert v. City Mortgage Servs. (In re Talbert)*, 344 F.3d 555, 560 (6th Cir. 2003). The discharge granted Harman only extinguished his personal liability on the debt; it had no effect on Davilla's recourse against the Youngstown property. The correct, and inescapable, conclusion was reached by the bankruptcy court in its September 16, 2004 order.

Therefore, as to this appeal, the decision of the bankruptcy court must be affirmed both because Harman does not have standing to challenge the foreclosure and because of the correctness of the bankruptcy court's conclusion as to the merits of the case. The underlying debt has been discharged; thus, Harman has no personal liability for it. However, the judgment lien on 64 North Montgomery Avenue, Youngstown, Ohio remains. The bankruptcy court rightfully refused any effort by Harman to halt Davilla's collection efforts against the realty.

## V. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court is **AFFIRMED**.