**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-31130

UNITED STATES OF AMERICA

Plaintiff-Appellee

VERSUS

EDWIN EDWARDS; STEPHEN EDWARDS; CECIL BROWN; ANDREW MARTIN; BOBBY
JOHNSON; GREGORY TARVER; AND ECOTRY FULLER

Defendants-Appellants

Appeal from the United States District Court
for the Middle District of Louisiana

March 8, 2000

Before JONES, DUHE' and WIENER, Circuit Judges.

PER CURIAM:

Edwin W. Edwards, Stephen Edwards, Cecil Brown, Andrew Martin
Bobby Johnson, Gregory Tarver, and Ecotry Fuller (the "Defendants")
appeal the district court's denial of their motion to lift a court-
imposed gag order. We dismiss this appeal for lack of
jurisdiction.

Three days after the United States indicted the Defendants for
racketeering, the district court entered the gag order on November

9, 1998 pursuant to Local Criminal Rule 53. The gag order restricts the parties, attorneys and witnesses from making certain extrajudicial comments. No party initially objected to or filed motions with the district court to re-consider or to amend the gag order. Ten months later, the Defendants filed a motion on September 16, 1999 to lift the gag order. The district court denied the motion calling it "frivolous." The Defendants then filed a notice of appeal arguing that the gag order was imposing "a continuous prior restraint on speech which [wa]s damaging the [D]efendants ability to obtain a fair trial."

This court's jurisdiction is limited to final decisions of the district court. 28 U.S.C. § 1291. A decision is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." In Re: Grand Jury Subpoena, 190 F.3d 375, 379 (5th Cir. 1999) (quoting Cunningham v. Hamilton County, _U.S._, 119 S.Ct. 1915, 1919-20 (1999)). There is no final judgment in this case.

We have applied the collateral order doctrine, notwithstanding the absence of final judgment, only when the orders "are conclusive, resolve important questions separate from the merits, and are effectively unreviewable on appeal from the final judgment in the underlying action." In Re: Grand Jury Subpoena, 190 F.3d at 381 (quoting Cunningham, 119 S.Ct. at 1919). In criminal cases we have applied the collateral order doctrine "with the utmost strictness" and have limited it to the denial of only three types

2

of motions: (1) motions to reduce bail; (2) motions to dismiss on double jeopardy grounds, and (3) motions to dismiss under the Speech or Debate Clause.  In Re Grand Jury Subpoena, 190 F.3d at 381 (citing Midland Asphalt Corp. v. United States, 489 U.S. 794, 799 (1989)).

The collateral order doctrine does not apply to the district court's denial of the Defendants' motion to lift the gag order.[1] Therefore, we lack jurisdiction to hear this appeal.

DISMISSED.

---

[1] The Defendants argue that we should extend the collateral order doctrine to orders that restrain speech in connection with pending cases.  See United States v. Ford, 830 F.2d 596, 598 (6th Cir. 1987).  We decline to do so under the circumstances of this case.