# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2011

No. 11-20152
Summary Calendar

Lyle W. Cayce
Clerk

NIKITA VAN GOFFNEY,

Plaintiff-Appellant

v.

J. SAUCEDA; C. DAVIDSON; T. TAYLOR; J. EVERITT; G. HARDAY; SERGEANT M. HOLT; J. FERRARO; T. PITZER; G. HARDAGE; COUNTY OF MONTGOMERY; MICHAEL MCDOUGAL; JIM PREWITT; CITY OF CONROE,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-2638

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nikita Van Goffney, Texas prisoner # 1582354, moves for appointment of counsel and production of transcripts at Government expense on his appeal from the district court's orders denying his motions for relief pursuant to Federal Rule of Civil Procedure 60(b) and his motion for a preliminary injunction. For the reasons below, Goffney's motions are held in abeyance.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20152

This court must consider the basis of appellate jurisdiction on its own motion if necessary. *Witherspoon v. White*, 111 F.3d 399, 401 (5th Cir. 1997). Before he filed a notice of appeal from the order denying injunctive relief, Goffney, on January 28, 2011, filed objections to that order in which he sought reconsideration of his motion for injunctive relief, albeit in a perfunctory manner. Goffney's request in his objections for reconsideration of the district court's nonfinal order denying injunctive relief, construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), arose under Rule 60(b), as that rule contemplates motions seeking reliefs from nonfinal orders. *See* FED. R. CIV. P. 60(b). Goffney's objections were filed within 28 days of the order denying injunctive relief, and the constructive Rule 60(b) motion therefore tolled the 30-day period for filing a timely notice of appeal until a ruling is issued on the constructive motion. *See* FED. R. APP. P. 4(a)(4)(A)(vi). The constructive motion also rendered Goffney's notice of appeal ineffective until after such a ruling is issued. *See* Rule 4(a)(4)(B)(i). Goffney's case thus is remanded for the limited purpose of having the district court rule on Goffney's January 28, 2011, objections, construed as a motion for relief from the order denying injunctive relief.

As for the denial of the other Rule 60(b) motions Goffney seeks to appeal, the claims remanded by this court remain pending in the district court; there is no final judgment from which Goffney may appeal. The district court's order denying the Rule 60(b) motions does not fall within any of the appealable interlocutory orders set forth in 28 U.S.C. § 1292(a), which is limited to certain interlocutory orders regarding injunctions, receiverships, and admiralty cases. Moreover, the district court did not certify its ruling as final or certify any questions for appeal.

We also conclude that this appeal does not meet the test for application of the collateral order doctrine. *See Flanagan v. United States*, 465 U.S. 259, 265 (1984); *see also United States v. Edwards*, 206 F.3d 461, 462 (5th Cir. 2000).

No. 11-20152

Thus, without reaching the merits of his appeal, we conclude that we lack jurisdiction over the appeal from the denial of those motions.

MOTIONS HELD IN ABEYANCE; LIMITED REMAND IN PART; APPEAL DISMISSED IN PART.