NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  IN THE DISCIPLINARY MATTER OF NINA RAE RINGGOLD, California State Bar No. 133735, _____ NINA RINGGOLD, California State Bar No. 133735,             Petitioner-Appellant. | No. 20-55199 D.C. No. 2:19-ad-00196-VAP MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Nina Ringgold appeals pro se from the district court's orders in her

disciplinary action.  To the extent we have jurisdiction, it is under 28 U.S.C.

§ 1292(a)(1).  We review for an abuse of discretion.  *Jackson v. City & County of*

*San Francisco*, 746 F.3d 953, 958 (9th Cir. 2014).  We affirm in part and dismiss

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

in part.

The district court did not abuse its discretion by denying Ringgold's request to file a motion in her separate civil action. *See Bias v. Moynihan*, 508 F.3d 1212, 1223 (9th Cir. 2007) ("Broad deference is given to a district court's interpretation of its local rules."); C.D. Cal. L.R. 83-3.3 ("Any attorney previously admitted to the Bar of this Court who no longer is enrolled as an active member of the Bar, Supreme Court, or other governing authority of any State . . . shall not practice before this Court."); *see also Jackson*, 746 F.3d at 958 (setting forth requirements for a preliminary injunction).

We lack jurisdiction to consider the district court's orders entered on October 29, 2019 and December 11, 2019 because they are not final appealable orders. *See* 28 U.S.C. § 1291 (jurisdiction of appeals from "final decisions"); *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798 (1989) ("For purposes of [28 U.S.C. § 1291], a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." (citation and internal quotation marks omitted)). Moreover, Ringgold did not file a notice of appeal within 30 days after entry of these orders. *See* Fed. R. App. P. 4(a)(1) (notice of appeal must be filed within 30 days after entry of the order appealed from).

20-55199

We do not consider matters not specifically and distinctly raised and argued in the opening brief, including Ringgold's request for relief under 28 U.S.C. § 1651. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in appellant's opening brief are waived).

All pending motions are denied.

**AFFIRMED in part, DISMISSED in part.**